<hr />

KEITH v. CHAMPER.

69  477
145  504

PROMISSORY NOTE.—*Complaint by Assignee.—Copy of Assignment Unnecessary.*—A complaint against the maker, by an assignee, on a promissory note, is not insufficient on demurrer merely because it does not set out a copy of the assignment.

SAME. *Evidence of Assignment Essential*—Where, in such action, the endorsement is not given in evidence, a finding or verdict for the plaintiff can not be upheld.

From the Clay Circuit Court.

*H. Teter*, for appellant.

*A. T. Rose* and *S. M. McGregor*, for appellee.

SCOTT, J.—Civil action against the appellant, Robert L. Keith, by the appellee, Maggie Champer, on a promissory note, alleged to have been executed by Keith and another to Edward L. Champer, and by him assigned in writing to Maggie, the appellee. Crish, the other maker of the note, made default. Keith answered by a verified general denial, and also an affirmative answer. Issues were formed; trial by jury, and verdict for the appellee; motion for a new trial overruled, and exception; judgment on the verdict, and appeal. The errors assigned are, that the complaint is insufficient, and that the court erred in overruling the appellant's motion for a new trial.

The only point made against the sufficiency of the complaint is, that neither the assignment of the note, nor a copy thereof, was filed therewith. As the assignment was not the foundation of the action, this was not necessary.

If the record of this action is perfect and complete, and we must presume it is, appellant's motion for a new trial ought to have been sustained, because the endorsement of the note was not given in evidence on the trial, as is manifest from the bill of exceptions set out in the record. *Jackson Township* v. *Barnes*, 55 Ind. 136.

The judgment is reversed, with costs. Cause remanded for a new trial.