Morgan *et al. v.* The Smith American Organ Company.

———————◆●◆———————

No. 7697.

MORGAN ET AL. *v.* THE SMITH AMERICAN ORGAN CO.

INDEMNITY BOND.—*Principal and Surety.*—*Release of Surety.*—Where the obligation of a bond is that the obligors are to pay, or cause to be paid, "any and every indebtedness or liability now existing, or which may hereafter in any manner exist," on the part of the principal, to M. & Co., it will include a note afterward given on an account accruing after the execution of such bond, by the principal to said M. & Co., and the fact that such note was antedated, but dated subsequent to the execution of the bond, and made payable twelve months after date, does not release the surety on such bond.

SAME.—*Assignment of Note secured by Bond.*—An assignment of such note

carries with it an assignment of the bond so far as may be necessary for the security of the payment of the note, but an assignee of such bond can not sue thereon without an assignment of an indebtedness secured thereby.

PROMISSORY NOTE.—*Endorsement.—Pleading.*—In an action by the endorsee of a promissory note against the maker, it is not necessary to set out in the complaint a copy of the endorsement, although proof of the endorsement under which he claims title is necessary to a recovery.

From the Daviess Circuit Court.

*W. Armstrong* and *S. E. Kercheval*, for appellants.
*W. R. Gardiner* and *S. H. Taylor*, for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that on the 21st day of May, 1877, the appellants executed to James M. Marshall & Co. a writing obligatory, wherein Sullivan as principal, and Morgan as surety, bound themselves in the penal sum of five hundred dollars to the said obligees. The condition of the obligation is thus stated : "The condition of this obligation is such that, if the above bounden John W. Sullivan and Abel T. Morgan, [their?] heirs, executors or administrators, shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing, or which may hereafter, in any manner, exist or be incurred on the part of the said John W. Sullivan to the said James M. Marshall & Co., whether such indebtedness or liability shall exist in the shape of book accounts, notes, leases, renewals or extensions of notes or accounts, or upon other contracts and agreements, verbal or written, acceptances, endorsements, guaranties or otherwise, hereby waiving presentment for payment, notice of non-payment, protest and notice of protest, and diligence in the collection of all notes, contracts or leases, agreements, verbal or written, now or hereafter executed or made and entered into, endorsed, transferred, guaranteed or assigned by the said John W. Sullivan to the said James M. Marshall & Co., as aforesaid, then this obligation

is to be void; but otherwise to. remain in full force and effect.''

It is also alleged that the appellant Sullivan executed to the said Marshall & Co. his promissory note, dated June 23d, 1877, for the sum of three hundred dollars. The complaint avers that the obligation of Sullivan and Morgan, and the note of the former, were indorsed in writing to the appellee, but copies of the endorsements are not set out. The complaint also alleges that the note is due and unpaid. A demurrer addressed to the complaint, by the appellants, was overruled, and of this ruling the appellants now complain.

It is contended by the appellants, that the condition of the obligation sued on is not broad enough to cover the note set forth by the appellee. There is no force in this objection, for the note falls within the express terms of the instrument. Nor is there any force in the objection stated by counsel, that the complaint does not set out copies of the endorsements of the note and obligation. The complaint is not founded on the endorsements, and it was not necessary to set out copies of them. *Keith* v. *Champer*, 69 Ind. 477.

Demurrers were sustained to the third, fourth and sixth paragraphs of the answer of the appellant Morgan. These paragraphs are substantially the same; at all events, the facts set forth are so nearly identical that a separate consideration of each is unnecessary. The material allegations may be thus summarized: Sullivan, the principal, became indebted to Marshall & Co. for $335, on account. Without the knowledge of the surety, Morgan, he executed a promissory note for that sum, and Marshall & Co. received and accepted the note in full payment.

These paragraphs were clearly bad. The obligation sued on embraced notes as well as accounts. It is entirely immaterial what form the evidence of Sullivan's indebtedness was thrown into. The obligation extended to all. One of the paragraphs avers that the note was, without the consent of the

surety, antedated some weeks; but this does not affect his liability, for it affirmatively appears that the items of the account, for which the note was executed, accrued after the obligation was executed, and that the date of the note was also subsequent to that of the joint undertaking, in which Morgan bound himself as surety for Sullivan.

These answers present no question as to the effect of extending time to a principal without the consent of the surety. Appellants' counsel are mistaken in supposing that the appellee, by receiving a promissory note payable twelve months after date, extended the time of the payment of the obligation upon which the surety was bound. The surety expressly obligated himself to pay "all indebtedness" of his principal, "whether such indebtedness shall exist in the shape of book accounts, notes, leases, renewals or extensions of notes or accounts."

The appellants insist that their motion for a new trial ought to have been sustained because there is no evidence that the note sued on was endorsed to the appellee. The evidence upon this point consisted of the note and the following written endorsements : "For credit James M. Marshall & Co., July 24th, '78, paid 31. Pay J. M. Marshall & Co., or order. E. W. Smith, Sr., per H. R. Brown, Att'y." These endorsements, so far from showing title in the appellee, show that it is in J. M. Marshall & Co. The last endorsement was to, not by, them, and as they are shown to be the last endorsees of the note, they, and not appellee, are to be deemed the owners. It was necessary for the appellee to prove title as laid, and upon this point there is an entire failure of proof. *Jackson Township* v. *Barnes*, 55 Ind. 136 ; *Wallace* v. *Reed*, 70 Ind. 263.

Appellee's counsel attempt to supply the missing link in their chain of evidence by arguing that the action is upon the obligation and not upon the note, and that it was, therefore, unnecessary to show any endorsement of the latter.

This argument is fallacious. The bond was executed to secure the indebtedness of the principal, and in itself neither creates an indebtedness nor furnishes evidence of indebtedness. The note is the only evidence of indebtedness, and the endorsee or holder thereof the only one having any claim against the obligors in the bond described in the complaint. The evidence shows that the only claim held against Sullivan is that evidenced by the note set out by the complaint, and no one except the person having title to such note can have a right to enforce collection of the penalty named in the bond. The security afforded by the bond is really the incident, and the note executed by the debtor the principal. With the assignment of the note the bond would pass, not the note by the assignment of the bond.

Judgment reversed, at costs of the appellee.