### ABEL T. MORGAN ET AL. v. THE SMITH AMERICAN ORGAN CO.

1. *Indemnity Bond.*—Where the obligation of a bond is that the obligors—principal and surety—are to pay or cause to be paid "any and every indebtedness," etc., of the principal now existing or thereafter to accrue, "whether such indebtedness or liability shall exist in the shape of book accounts, notes, leases, renewals or extensions of notes or accounts, or upon other contracts or agreements, verbal or written acceptances, indorsements, guaranties, or otherwise," it covers a note afterwards given on an account made after the execution of the bond, payable at a future time, as twelve months after date, and the note may be antedated, without the consent of the surety, to any period within the existence of the bond—the note, however, as stated, not to include any items of account, except such as arose after the bond was given.

2. *Assignment of the Bond.*—An assignment of the bond does not include a transfer of such a note, the bond being only an incident, and not an evidence of indebtedness, in itself; but an assignment of the note secured by it, operates *ipso*

*facto* as an assignment of the bond so far as necessary for the security of the payment of the note. An assignee of the bond cannot sue for any indebtedness secured by it, without an assignment of the debt itself so as to vest title.

Filed May 18, 1881.

Appeal from Daviess Circuit Court.

William Armstrong and Samuel E. Kercheval, for appellant, cited 53 Ind. 280–285, to the effect that a promissory note not governed by the law merchant is not a payment without an express stipulation; 1 Rev. Stat. 1876, § 6, p. 636; 53 Ind. 438, as to what notes are governed by the law merchant; 67 Ind. 246; 64 Ind. 431; 53 Ind. 474; 51 Ind. 124; 45 Ind. 300, as to discharge of a surety on a promissory note by extension of time; *Douglass* v. *State ex rel.*, as to the doctrine applied to bonds; also, 11 Wend. 312; 30 N. Y. 474, on same point; *Johnson Tp.* v. *Barnes*, 55 Ind. 136, as to evidence of indorsement given on trial; and 66 Ind. 573–577, on same point.

W. R. Gardiner and S. H. Taylor, for appellees.

Opinion of the court by Mr. Justice Elliott.

The complaint of the appellees alleges that on the 21st day of May, 1877, the appellants executed to James M. Marshall & Co. a writing obligatory wherein Sullivan as principal, and Morgan as surety, bound themselves in the penal sum of five hundred dollars to the said obligees. The condition of the obligation is thus stated: "The condition of this obligation is such that if the above bounden John W. Sullivan and Abel T. Morgan's heirs, executors or administrators shall well and truly pay, or cause to be paid, any and every indebtedness or liability now existing or which may hereafter in any manner exist, or be incurred on the part of the said John W. Sullivan to the said James M. Marshall & Co , whether such indebtedness or liability shall exist in the shape of book accounts, notes, leases, renewals or extensions of notes or accounts, or upon other contracts and agreements, verbal or written, acceptances, indorsements, guaranties, or otherwise, hereby waiving presentment for payment, notice of non-payment, protest and notice of protest, and diligence in the collection of all notes, contracts or leases, agreements, verbal or written, now or hereafter executed or made and entered into, endorsed, transferred, guaranteed, or as-

signed by the said John W. Sullivan to the said James M. Marshall & Co., as aforesaid, then this obligation is to be void; but otherwise to remain in full force and effect."

It is also alleged that the appellant, Sullivan, executed to the said Marshall & Co., his promissory note, dated June 23, 1877, for the sum of three hundred dollars. The complaint avers that the obligation of Sullivan and Morgan and the note of the former were indorsed in writing to the appellee, but copies of endorsements are not set out. The complaint also alleges that the note is due and unpaid. A demurrer addressed to the complaint by the appellants was overruled, and of this ruling the appellants now complain.

It is contended by the appellants that the condition of the obligation sued on is not broad enough to cover the note set forth by the appellees. There is no force in this objection; for the note falls within the express terms of the instrument. Nor is there any force in the objection stated by counsel, that the complaint does not set out copies of the indorsements of the note and obligation. The complaint is not founded on the indorsements and it was not necessary to set out copies of them. *Keith* v. *Champer*, 69 Ind. 477.

Demurrers were sustained to the 3d, 4th and 6th paragraphs of the answer of the appellant, Morgan. These paragraphs are substantially the same; at all events the facts set forth are so nearly identical that a separate consideration of each is unnecessary. The material allegations may be thus summarized: Sullivan, the principal, became indebted to Marshall & Co., for $335 on account. Without the knowledge of the surety, Morgan, he executed a promissory note for that sum, and Marshall & Co., received and accepted the note in full payment. These paragraphs were clearly bad. The obligation sued on embraced notes as well as accounts. It is entirely immaterial what form the evidence of Sullivan's indebtedness was thrown into, the obligation extended to all. One of the paragraphs avers that the note was without the consent of the surety ante-dated some weeks, but this does not affect his liability, for it affirmatively appears that the items of the account for which the note was executed accrued after the obligation was executed, and that the date of the note was also subsequent to that of the joint undertaking in which Morgan bound himself as surety for Sullivan.

These answers present no question as to the effect of extending time to a principal without the consent of the surety.  Appellant's counsel are mistaken in supposing that the appellee, by receiving a promissory note payable twelve months after date, extended the time of the payment of the obligation upon which the surety was bound.  The surety expressly obligated himself to pay "all indebtedness" of his principals, "whether such indebtedness shall exist in the shape of book accounts, notes, leases, renewals or extensions of notes or accounts."

The appellants insist that their motion for a new trial ought to have been sustained, because there is no evidence that the note sued on was indorsed to the appellee.  The evidence upon this point consisted of the note and the following written indorsement:  "For credit James M. Marshall & Co., July 24, '78, paid 31.  Pay J. M. Marshall & Co., or order.  E. W. Smith, sr., per H. R. Brown, Att'y."  These indorsements, so far from showing title in the appellant, show that it is in J. M. Marshall & Co.  The last indorsement was to, not by, them, and, as they are shown to be the last indorsees of the note, they, and not appellant, are to be deemed the owners.  It was necessary for the appellee to prove title, as laid, and upon this point there is an entire failure of proof.  *Johnson* v. *Barnes*, 55 Ind. 136 ; *Wallace* v. *Reed*, 70 Ind. 263.

Appellee's counsel attempt to supply the missing link in their chain of evidence by arguing that the action is upon the obligation and not upon the note, and that it was, therefore, unnecessary to show any indorsements of the latter.  This argument is fallacious.  The bond was executed to secure the indebtedness of the principal, and in itself neither creates an indebtedness nor furnishes evidence of indebtedness.  The note is the only evidence of indebtedness, and the indorsee, or holder thereof, the only one having any claim against the obligors in the bond described in the complaint.  The evidence shows that the only claim held against Sullivan is that evidenced by the note set out by the complaint, and no one except the person having title to such note can have a right to enforce collection of the penalty named in the bond.  The security afforded by the bond is really the incident, and not the note executed by the debtor the principal.  With the assignment of the note, the bond would pass, not the note by the assignment of the bond.

Judgment reversed at costs of the appellees.