14,079.

## STANFORD ET AL. *v.* THE BROADWAY SAVINGS AND LOAN ASSOCIATION.

MORTGAGE.—*Foreclosure.—Copy of Assignment.—Setting Out in Complaint.*—In an action by the assignee of a note and mortgage to recover judgment on the note, and foreclose the mortgage, it is not necessary to set out in the complaint a copy of the assignment.

SAME.—*Mortgagor.—Covenants of Warranty.—Estoppel to Deny Ownership.*—A husband who executes a mortgage containing full covenants of warranty, with nothing on the face of the mortgage as to the ownership of the land therein described, is estopped from denying that at the time he executed it he owned the mortgaged premises.

SAME.—*Foreclosure.—Husband and Wife.—Defence of Surety.—Reply.—Overruling Demurrer.*—Where, in an action to foreclose a mortgage executed by husband and wife, it appears on the face of the complaint that the money which the mortgage was intended to secure was borrowed and used by the wife to pay off a mortgage-lien upon the land, hers by descent from her father, an answer is bad which merely alleges generally that the debt was the husband's debt, and the wife signed the mortgage as surety; and it is not error to overrule a demurrer to a reply attempting to set up an estoppel against a plea alleging want of power in the wife to make the mortgage.

From the Hamilton Circuit Court.

*W. Booth* and *C. D. Potter*, for appellants.

*J. Stafford* and *T. E. Boyd*, for appellee.

COFFEY, J.—On the 20th day of August, 1879, the appellant, George M. Stanford, executed his promissory note to Ursula Hyatt for the sum of two hundred dollars, due one day after date. On the same day the said George M. Stanford and his wife, Kezzie Stanford, executed a mortgage upon the land therein described to the said Ursula Hyatt, to secure the payment of said note.

This suit was brought by the appellee against the appellants to recover a judgment against the said George M. Stan-

ford on said note, and to foreclose said mortgage against him and the other appellants.

The complaint alleges that the appellee is the owner of said note and mortgage by assignment, in writing, from the said Ursula Hyatt; that the sole consideration for said note was money loaned to the said Kezzie Stanford for the purpose of discharging a mortgage lien on the real estate described in the mortgage, and was used for that purpose; that the real estate belonged to and was the property of the said Kezzie Stanford; that she departed this life on the 29th day of May, 1886, and left surviving her, as her only heirs at law, her husband, the said George M. Stanford and the other appellants, Fred. Stanford and Fanny Stanford, her children.

The appellant George M. Stanford filed his separate demurrer to the complaint, alleging for reason, that the same did not state facts sufficient to constitute a cause of action. The other appellants also filed their joint demurrer to the complaint, alleging the same reason as that alleged in the demurrer of George M. Stanford. The court overruled these demurrers, and the appellants excepted.

The appellant George M. Stanford answered in two paragraphs. The first paragraph is addressed to so much of the complaint as seeks a foreclosure of the mortgage, and avers that the debt secured thereby was his individual debt; that the land therein described was the separate property of his wife, she having derived her title thereto by descent from her father; that she departed this life in May, 1886, and that one-third of said land descended to him in fee. The second paragraph is a general denial.

The other appellants also filed a joint answer in two paragraphs, the first being a general denial. The second avers that these appellants are the children and heirs at law of Kezzie Stanford; that at the time of the execution of said mortgage she was the wife of the appellant George M. Stanford, and the owner in fee, in her own right, of the mortgaged premises, having derived her title thereto by descent

from her father; that the debt secured by the mortgage is and was the separate debt of her husband.

To the answer of George M. Stanford the plaintiff replied that the said Kezzie Stanford, at the time she borrowed the money secured by said mortgage in suit, represented and stated to the payee of the note in suit that she was borrowing the same for her own use; that the payee of said note believed said representation and statement to be true, and relied thereon, and relying thereon loaned her said money, which she would not have otherwise done.

The appellee also filed the same reply to the second paragraph of the answer of the other appellants.

The court overruled a demurrer to each of these replies, and appellants excepted.

The assignment of errors calls in question the correctness of the ruling of the circuit court in overruling the demurrers to the complaint and in overruling the demurrers to the replies above set out.

The only objection urged to the complaint is that it does not set out a copy of the assignment of the note and mortgage in suit.

It has often been held by this court that the assignment is not the foundation of the action in cases like this, and that it is not necessary to set out a copy of such assignment. *Keith* v. *Champer*, 69 Ind. 477.

It is unnecessary to inquire whether the reply to the answer of George M. Stanford was sufficient or otherwise, as his answer was clearly bad. He signed and executed the mortgage in suit, which contains full covenants of warranty. There is nothing on the face of the mortgage upon the subject of the ownership of the land therein described, and this mortgage now estops him from denying that at the time he executed it he owned the mortgaged premises. A bad reply is good enough for a bad answer.

The question arising out of the action of the court, in over-

ruling a demurrer to the reply to the answer of the other appellants, is one not free from doubt and difficulty.

At the date of the execution of the mortgage in suit, the following statute was in force: "A married woman shall not mortgage or in any manner encumber her separate property acquired by descent, devise or gift, as a security for the debt or liability of her husband or any other person." Acts of 1879, p. 161, section 10.

Under this statute it has been held that a married woman had no power to mortgage her separate land to secure the debt of her husband, and that, as she possessed no such power, she could not be estopped from availing herself of the defence afforded her by this statute when a party holding such mortgage attempted to enforce the same by foreclosure. *Levering* v. *Shockey*, 100 Ind. 558.

It is plain, therefore, that if the answer pleaded by these appellants is sufficient to bar the right of action set up in the complaint, the court erred in overruling a demurrer to the reply, which attempts to set up an estoppel against a plea alleging. want of power in Mrs. Stanford to make the mortgage. The question then which we are required to meet and decide is one involving the sufficiency of the answer to which the reply is addressed.

It appears, from the face of the complaint, that the money which the mortgage was intended to secure was borrowed, and used by Mrs. Stanford to pay off a mortgage lien upon the land in controversy. This fact is not denied by the answer. Indeed, it is confessed; for all matters alleged in the complaint, and not denied by the answer, for the purpose of determining the sufficiency of the answer, must be taken as true.

Whether a contract executed by a married woman is one of suretyship or not, will be determined by a consideration of whether or not it is made by her, or on her behalf, and upon a consideration moving to her, or for the benefit of her separate estate.

Stanford *et al. v.* The Broadway Savings and Loan Association.

To the extent that the consideration was received by her, or inured to her benefit, or to the benefit of her separate estate, she will be held to have contracted as principal. *Vogel* v. *Leichner,* 102 Ind. 55.

It is true that the answer contains some general averments to the effect that the debt, secured by the mortgage, was the husband's debt, and that the wife signed the mortgage as surety for the debt of the husband; but these general averments, in the nature of conclusions, ought not to control specific facts appearing in the pleadings. In our opinion the answer was not sufficient to bar the cause of action set up in the complaint, for the reason that from the facts which appear therein Mrs. Stanford must be held to have contracted as principal, and not as surety. To make the answer good it should contain a denial of the allegation in the complaint to the effect that the money secured by the mortgage was borrowed and used by the wife for the purpose of discharging a lien on the mortgaged premises; or facts from which it clearly appeared that such was not the case.

The answer being bad, it follows that the court did not err in overruling the demurrer to the reply.

Judgment affirmed.

Filed March 1, 1890.