No. 1,235.

DARNALL v. SIMPKINS.

ASSIGNMENT.—*Failure to Make Assignor Party Defendant.—Demurrer.— New Trial.*—Where suit is brought by an assignee, it not appearing that the assignment was in writing, the failure to make the assignor a party defendant is cause for demurrer, but not cause for a new trial.

VERDICT.—*Sufficiency of Evidence.*—If the finding is supported by some evidence, and the evidence is conflicting, the judgment will not be disturbed.

From the Boone Circuit Court.

*H. C. Wills*, for appellant.

DAVIS, J.—This was an action brought by appellant on account against appellee.

The answer of appellee was in three paragraphs:

1. General denial.

2. Payment.

3. That prior to the commencement of the suit appellant was indebted to one McIntire for work and labor in the sum of seven hundred dollars, of which he sold and assigned to appellee two hundred and eighty-five dollars, and which sum appellee offered to set off against any claim appellant might have against him, and demanded judgment for the overplus.

Appellant replied to the answer of set-off by general denial.

On trial by a jury, verdict was returned in favor of appellee for $83. Appellant's motion for a new trial was overruled, and judgment was rendered on the verdict. The only error assigned in this court is the overruling of appellant's motion for a new trial.

The first reason discussed is that the verdict of the jury is contrary to law. It is insisted by counsel that there is no basis under the issues for any judgment against appellant, because McIntire, the assignor of the account mentioned in the third paragraph of the answer, was not made a party to the action to answer as to his interest. Section 276, R. S. 1881; section 277, R. S. 1894.

This defect could have been reached by demurrer. *Watson* v. *Conwell*, 3 Ind. App. 518.

In this case no such demurrer was filed. The only objection made in the trial court was to the introduction of the evidence, because there was no account filed with the answer, and that the answer failed to show the assignment was in writing. Section 362, R. S. 1881; section 365, R. S. 1894.

No question as to defect of parties was raised or suggested in the court below. The failure to file the account or copy thereof with the answer, as required by section 365, *supra*, is a defect that, in the absence of a demurrer, was cured by the verdict. *Owen School Tp.* v. *Hay*, 107 Ind. 351.

That McIntire was not a party is no cause for a new trial. The question should have been raised by a demurrer. *Cleaveland* v. *Vajen*, 76 Ind. 146.

It is next insisted that the verdict of the jury is contrary to the evidence, in this that the evidence fails to show that McIntire ever sold or assigned any account on appellant to appellee. The evidence is not clear or satis-

factory. There is, however, some evidence in the record tending to prove that appellee was indebted to appellant; that appellant was indebted to McIntire; that McIntire had assigned $285 of his account against appellant to appellee. This is sufficient to sustain the verdict.

Darnall does not deny that he owed McIntire, at least, $285. Simpkins does not deny that he owed Darnall, at least, $202. If the assignment by McIntire to Simpkins is established, there is nothing in the record to indicate that the correct result was not reached by the jury. In any event, after reading the evidence, we do not see how this court would be justified in reversing the judgment of the trial court on the evidence.

Judgment affirmed.

Filed Sept. 27, 1894.