## Anthony v. Masters.

[No. 3,388.   Filed January 17, 1902.]

Appeal and Error.—*Pleading.*—*Amendment.*—The filing of an amended complaint after an answer has been filed takes the original complaint and the answer thereto out of the record, and available error cannot be predicated upon the ruling of the court on a demurrer to the original complaint, or in striking out an answer thereto. *p. 241.*

Judgment.—*Assignment.*—*Pleading.*—An action on an assigned judgment is properly brought in the name of the assignee, and it is not necessary to set out or to exhibit a copy of the written assignment. *p. 242.*

Same.—*Notice.*—*Process.*—*Collateral Attack.*—That a judgment was rendered upon a notice which under the law of the State in which it was rendered was too short, and was therefore erroneous, and subject to be set aside or reversed under proper methods provided

by law, cannot defeat a recovery upon the judgment still subsisting in full force. *pp. 242–245.*

PLEADING.—*Answer.*—*Refusal to Permit.*—The mere insufficiency of an answer is not a sufficient reason for refusing to permit the filing thereof, especially where the rejection amounts to a refusal to permit the defendant to take issue upon the complaint. *p. 246.*

PROCESS.—*Judgment.*—*Equitable Relief.*—*Fraud.*—An answer in an action to enforce a judgment rendered in a sister state, showing that jurisdiction was obtained through the fraud of the judgment plaintiff and the officer who made a false return of service of process constitutes a good ground for equitable relief against the enforcement of the judgment. *pp. 246, 247.*

JUDGMENT.—*Assignment.*—The assignee of a judgment takes it subject to all equities existing in favor of the judgment defendant against the judgment plaintiff. *p. 247.*

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by Hibbert B. Masters against Samuel P. Anthony on a judgment obtained against the latter in the state of Florida, and assigned to plaintiff. From a judgment in favor of plaintiff, defendant appeals. *Reversed.*

*F. Ellis* and *J. T. Walterhouse,* for appellant.

*J. N. Templer, C. C. Ball* and *E. R. Templer,* for appellee.

BLACK, J.—The appellee filed a complaint against the appellant, whose demurrer thereto was overruled. The appellant filed an answer in two paragraphs, the second being the general denial, and the first paragraph was struck out on motion of the appellee. Thereupon, the cause was submitted to the court for trial, and the court having heard the evidence and the argument of counsel, took the cause under advisement. Eight days afterward the appellee filed an amended complaint against the appellant and Enoch W. Agnew and Brantley A. Weathers. The defendants Agnew and Weathers separately and jointly answered the amended complaint. A demurrer of the appellant to the amended complaint for want of sufficient facts was overruled. At a later day, the appellant tendered an answer to the amended complaint, but the court refused to permit the answer to be

Anthony *v.* Masters.

filed. The appellant then also tendered a separate "counter-claim and cross-complaint," but the court refused to permit the same to be filed. It next appears from the record that "this cause being now of issue is for trial submitted to the court without a jury, and the court having heard all the evidence, inspected the papers, and being fully advised in the premises, finds for the plaintiff," etc.; and thereupon the court rendered judgment for the appellee against the appellant for $485.99.

No attempt has been made to bring the evidence before this court. The specifications in the appellant's assignment of errors relating to the sufficiency of the original complaint and to the ruling upon the demurrer thereto and to the action of the court in striking out the first paragraph of answer thereto can not be regarded as presenting any question for review. The amended complaint superseded the original complaint. Upon the filing of the amended complaint, the original no longer constituted a part of the record. The filing of an amended complaint after an answer has been filed takes the original complaint and the answer thereto out of the record. *Indianapolis, etc., R. Co.* v. *Center Township,* 143 Ind. 63; *Hedrick* v. *Whitehorn,* 145 Ind. 642; *Weaver* v. *Apple,* 147 Ind. 304; *Johnson* v. *Conklin,* 119 Ind. 109; *Western Assurance Co.* v. *McCarty,* 18 Ind. App. 449; *Barnes* v. *Pelham,* 18 Ind. App. 166; *City of New Albany* v. *Conger,* 18 Ind. App. 230; *Bozarth* v. *McGilli-cuddy,* 19 Ind. App. 26; *Insurance Co.* v. *Coombs,* 19 Ind. App. 331.

The original complaint and the answer thereto did not form the issue finally tried and determined. It is plain, therefore, that there could be no available error in ruling upon a demurrer thereto or in striking out an answer thereto.

In the amended complaint it was, in substance, alleged, that on the 1st of February, 1895, by the consideration and judgment of the circuit court of the state of Florida, of the

fifth judicial circuit, in and for the county of Marion, in a certain action then pending therein, wherein Enoch W. Agnew and Brantley A. Weathers, copartners, under the firm name, etc., were plaintiffs, and the appellant was defendant, the plaintiffs therein recovered a judgment against the appellant in the sum of $372.70, and the further sum of $4.30, costs of suit, which judgment bears interest from the day of the date thereof at the rate of eight per cent. per annum until paid; and that said judgment was duly rendered and given; that afterward, on the 22nd of April, 1895, said Enoch W. Agnew and Brantley A. Weathers equitably sold and assigned in writing said judgment to the appellee, who now owns the same, and that said judgment is now due and wholly unpaid; that the judgment plaintiffs are made defendants herein to answer as to what interest, if any, they have in the judgment, etc.; wherefore, etc. It was not necessary to set out or to exhibit a copy of the written assignment. The suit was not upon the assignment. The action was properly brought in the name of the real party in interest. The complaint was not insufficient.

In the separate answer which the appellant tendered and offered to file, it was alleged that under and by virtue of the laws of the state of Florida "the assignment of judgment declared on in the amended complaint" is void; wherefore, etc. For his further separate answer it was alleged, that at the time of the rendition of the judgment and at the commencement of the action in which it was rendered, and ever since, there was and has been and is in force in the state of Florida a statute of that state of the tenor following: "All writs of process upon the institution of any suit in the circuit court shall be made returnable to the next rule day thereafter, unless there shall not be ten days intervening between the day of the issuing of the same and the next rule day, in which case the same shall be made returnable to the rule day in the next succeeding month. If ten days shall have intervened between the time of the service

of process on the defendant, and the return day of the writ, the defendant must appear on that day, and then have until the next succeeding rule day to plead.   A default may be taken for want of appearance or plea on a rule day, provided the requisite time shall have elapsed since the service of process, and judgment may be entered by the clerk on proof of claim."   It was further alleged, that the judgment declared on in the amended complaint was rendered in utter disregard and violation of the foregoing statute, in this, that by the record of the court rendering the judgment, made in the cause in which it was rendered, and remaining in that court, it appears that at the time the appellant was defaulted and judgment was rendered against him in said action, ten days had not intervened since the alleged service of process on the defendant in that action, and that there was no other source of jurisdiction of him in that action, except said alleged service of process; that there was no appearance in the action by the defendant or by any person for him or in his behalf; wherefore that court had not jurisdiction of his person.

In the "counterclaim and cross-complaint" of the appellant against the appellee and the codefendants Agnew and Weathers, it was alleged, in substance, that on the 27th of December, 1894, Agnew and Weathers as copartners, commenced an action against the appellant in said circuit court of Florida, by causing to be issued from that court a summons *ad respondendum* to the appellant; that this summons afterward was returned to that court endorsed as follows: "Came to hand December 28th, 1894, and executed on the 29th day of December, 1894, by serving within named S. P. Anthony in his absence from Marion county, by delivering a true copy of this original to his wife, at his usual place of abode in Marion county, a member of the family of said defendant, S. P. Anthony, more than fifteen years of age, explaining to her the contents thereof.   B. D. Hodge, Sheriff, by P. H. Nugent, D. S."

It was further alleged, that thereafter such proceedings were had in that cause in that court, as that for the failure of the appellant to appear, plead, answer or demur to the declaration filed therein, judgment by default was rendered against him in favor of the plaintiffs therein, on the alleged cause of action sued upon, for $372.70, and for $4.30 costs; that appellant did not appear, plead, answer, or demur in that action or authorize any one to appear for him, and nobody appeared for him, in that action; that he had no knowledge of the commencement or pendency of the action until after the rendition of judgment therein; that the return so endorsed on the summons is wholly false, and in truth and in fact the summons was not served at all, and no copy or original thereof was delivered to his wife or at his place of abode; that said false return is the only matter in the record of that cause showing or tending to show jurisdiction of that court of his person in that cause; that nothing was done in that action other than as herein stated whereby to acquire jurisdiction of his person; that the jurisdiction and power of that court to render said judgment rest wholly and solely upon said false return, and nothing else; that said Agnew and Weathers, together with one Philip H. Nugent, who then and there was deputy sheriff of said court, whose signature as deputy sheriff is subscribed to the false return, wickedly contriving and conspiring together to practice a fraud upon the court and to defraud the appellant, made and caused to be made said false return, whereby said court, without having acquired jurisdiction of the appellant in that action, was deceived into entering judgment by default and also final judgment against appellant as above averred; that said judgment remains uncanceled in the records of that court, and is the same judgment declared on in the amended complaint in this action; that appellant at the time of the commencement of said action and the rendition of said judgment had and he still has a valid and meritorious defense

Anthony *v.* Masters.

to said action, in this, that the cause of action declared on in said action was fully paid and discharged before the commencement of said action. Prayer for a decree annulling said judgment and adjudging it to be void, and that the appellee and Agnew and Weathers be perpetually enjoined from suing upon, enforcing or attempting to enforce said judgment, and for all other proper relief.

The answer contained two paragraphs, which do not appear to have been numbered, as required by the statute, and neither paragraph stated facts constituting a defense. The first paragraph did not state any facts, and was plainly bad. The facts stated in the second paragraph did not show the judgment to be void. If the judgment was rendered upon a notice which under the law of the state in which it was rendered was too short, and was therefore erroneous and subject to be set aside or reversed under proper methods provided by the law of that state, this could not defeat a recovery upon the judgment still subsisting in full force. A judgment of a court of superior jurisdiction is not void because founded on service which was too short. Van Fleet Col. Att., §§490, 491; *Essig* v. *Lower*, 120 Ind. 239, 246; *Helphenstine* v. *Vincennes Nat. Bank*, 65 Ind. 582, 590, 32 Am. Rep. 86.

It does not appear from the record what evidence was received under the first submission of the cause for trial or under the second submission. It is possible that the court under the second submission considered the evidence introduced under the former submission, but of this we have no information. It does appear that an amended complaint was filed, that a demurrer thereto was overruled and that the additional defendants answered; and it appears that the cause was again submitted for trial, and that the court having heard all the evidence, etc., found for the plaintiff. If the court regarded the appellant's answer of denial to the original complaint as still in the record, after permitting the filing of an amended complaint and of a demurrer

thereto and ruling upon the demurrer, it was in error; for, as we have seen, the original complaint and the issues formed upon it no longer continued before the court. So, it appears that the court denied the appellant the privilege of presenting any defense by pleading.

The mere insufficiency of the paragraphs of answer was not a sufficient reason for refusing to permit the filing thereof, which the record indicates was done by the court of its own motion. The failure to number the paragraphs was a mere irregularity. What would have been the proper course to be taken upon a refusal to correct it is not a question here. In *McCoy* v. *Stockman*, 146 Ind. 668, it is said to be error to strike out a complaint on the ground that it does not state facts sufficient, because the plaintiff has a right to amend so that his pleading will state facts sufficient, and he can not do this if his pleading is struck out. This reason is applicable also to a refusal to permit a party to file a pleading. See, *Smith* v. *Harris*, 135 Ind. 621, 623; also, *Mabin* v. *Webster*, 129 Ind. 430, 28 Am. St. 199.

If a pleading tendered by a party be insufficient, and if it be not wholly incapable of amendment which will make it sufficient, it certainly should not be rejected, especially where the rejection amounts to a refusal to permit the defendant to take issue upon the complaint. If we should conclude that there was no available error in refusing permission to file the answer, we could not so regard the court's action relating to the "counterclaim and cross-complaint." This pleading sufficiently showed that the judgment sued on was rendered by a court of superior jurisdiction of a sister state without jurisdiction of the person of the judgment defendant, and was therefore void.

In *Pond* v. *Simons*, 17 Ind. App. 84, this court, properly recognizing the Supreme Court of the United States as the paramount authority in the construction of the Constitution and statutes of the United States, followed the more modern doctrine of that court, as expressed in *Grover*, etc., *Co.*, v.

*Radcliffe,* 137 U. S. 287, 11 Sup. Ct. 92, 34 L. Ed. 670, that notwithstanding the averments in the record of the judgment itself, the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding; that the jurisdiction of a foreign court over the person or the subject-matter is always open to inquiry, and that in this respect a court of another state is to be regarded as a foreign court.  See, 13 Am. & Eng. Ency. of Law, 992.

The appellant's pleading now in question showed that the merely apparent jurisdiction was obtained through the fraud of the judgment plaintiffs and the officer who made a false return of service of process.  This constituted a good ground for equitable relief against the enforcement of the judgment.  *Brown* v. *Eaton,* 98 Ind. 591; *Cavanaugh* v. *Smith,* 84 Ind. 380; Freeman on Judg., §576; Pomeroy's Eq. Jur., §919.

Whether any relief might be afforded by our courts against the attempted enforcement here of a judgment of a court of a sister state because of fraud other than such as affected the jurisdiction of that court is not a question in this case.

We are inclined to the opinion that our courts should regard any unconscionable judgment of a sister state procured by fraud as open to impeachment under pleadings based upon equitable principles, in such state, and that relief may be had under our reformed procedure against an attempt to enforce such a judgment in this State.

The assignee of a judgment takes it subject to all equities existing in favor of the judgment defendant against the judgment plaintiff.  *Robeson* v. *Roberts,* 20 Ind. 155, 83 Am. Dec. 308; Freeman Judg., §427.

The court should have permitted the parties to plead until issues were made up for trial, and the trial should have been had upon such issues.

Judgment reversed.