SPENCER, ADMINISTRATOR, *v.* MCCUNE.

[No. 10,146. Filed February 3, 1920. Rehearing denied April 28, 1920. Transfer denied June 18, 1920.]

1. CONTRACTS.—*Oral Promise to Pay.—Assignment.—Actions.—Evidence.—Executors and Administrators.*—Where a claim against a decedent's estate is founded on an oral promise by decedent to repay a sum of money loaned to her, and alleged to have been assigned to claimant, though the complaint fails to show that such assignment was in writing, while a written assignment was put in evidence, there is no variance, since such assignment was merely evidence of claimant's right of action, and not a necessary part of the complaint. p. 486.

2. PARTIES. — *Defect. — Waiver.—Contracts.—Assignment.—Executors and Administrators.*—In a proceeding on a claim on oral contract against a decedent's estate, where the complaint shows that the claim in suit had been assigned, and that the assignor was dead, an objection that the assignor was not made a party defendant, under §277 Burns 1914, §276 R. S. 1881, was waived by failure to demur to the complaint on that ground. p. 487.

3. LIMITATION OF ACTIONS.—*Voluntary and Unconditional Payment.—Effect.*—Under §§303, 305 Burns 1914, §§301, 303 R. S. 1881, construed together, a voluntary and unconditional payment on a debt has the same effect to revive it as a written acknowledgment signed by the debtor. p. 488.

4. LIMITATION OF ACTIONS.—*Payment of Interest.*—A payment of interest is as effective to revive a debt as is a payment of principal. p. 488.

5. LIMITATION OF ACTIONS.—*Part Payment.—Time of Payment.*—To revive a debt it is immaterial whether the payment pre-

cedes or follows the bar of the statute, since the debt though barred is not extinguished, and will support a new promise. p. 488.

From Marion Probate Court (11,536); *Mahlon E. Bash,* Judge.

Action on claim by Mary McCune against William W. Spencer, as administrator of the estate of Evadna R. Emerson, deceased. From a judgment for claimant, the administrator appeals. *Affirmed.*

*Spencer & Spencer* and *Carey & Karnes,* for appellant.

*B. F. Watson,* for appellee.

REMY, P. J.—Appellee filed a claim against the estate of Evadna R. Emerson, deceased, of which estate appellant is the administrator. The claim having been disallowed was transferred to the issue docket, where trial resulted in a verdict and judgment for appellee. The only error assigned is the action of the court in overruling appellant's motion for a new trial.

The claim as filed, and which became the complaint on the trial of the cause, omitting caption and verification, is as follows: "Mary E. McCune says that the decedent, Evadna R. Emerson, was indebted to her in the sum of $360.00 which was due and payable at the death of said decedent, said claim being based upon the fact that the decedent had borrowed the sum of $225.00 from claimant's mother, Cynthia Meenach, and that said Cynthia Meenach assigned the claim and chose in action she held against said Evadna R. Emerson to this claimant; that as a part of the agreement made at the time said money was borrowed said decedent was to pay 6% interest thereon from said time until it was paid; that there are no credits or deductions to which such estate is entitled, and there are no set-offs or counterclaims against said claim that have come to plaintiff's knowl-

edge, and that the same is justly due and wholly unpaid; and that Cynthia Meenach is long since dead."

The undisputed evidence is in substance that in January, 1907, Cynthia Meenach, who was the mother of appellee and appellant's decedent, loaned to decedent $225, taking no note or other evidence of indebtedness therefor, but with the understanding on the part of both that decedent was to pay six per cent. interest for the money and, if the principal was not paid until after the death of the borrower, the same was to be paid by her estate; that on February 4, 1907, before her death in March, 1907, Cynthia Meenach, in consideration for services performed by appellee, made a written assignment of her said claim to appellee, said assignment in writing setting forth that the claim was for money loaned to decedent, and was assigned to appellee for services rendered in nursing and caring for assignor; that, after the assignment, appellant's decedent voluntarily paid to appellee some interest on the debt, one payment having been made in October, 1915.; and there was evidence tending to show that no payment of principal or interest had been made for more than six years prior to October, 1915.

It is first contended by appellant that the evidence shows that there is a fatal variance between the complaint and the proof, in this, that the complaint

1. is based upon an oral assignment, and that the evidence shows that the assignment was in writing. The principle urged by appellant is not applicable. The foundation of appellee's action is not the written assignment, but the oral promise on the part of decedent to pay the sum of money which had been loaned to her. *Anthony* v. *Masters* (1902), 28 Ind. App. 239, 62 N. E. 505; *Clark* v. *Trueblood* (1896), 16 Ind. App. 98, 44 N. E. 679; *Keith* v. *Champer* (1880), 69 Ind. 477; *Treadway* v. *Cobb* (1862), 18 Ind. 36; *Stanford* v.

*Broadway Savings,. etc., Assn.* (1890), 122 Ind. 422, 24 N. E. 154. It follows that the written assignment introduced in evidence by appellee was merely evidence of appellee's right of action, and not a necessary part of the complaint. There is no variance between the pleading and proof.

It is next urged by appellant that his motion for a new trial should have been sustained because the personal representative of the assignor of the claim 2. sued on was not made a party defendant, citing §277 Burns 1914, §276 R. S. 1881, which provides that, in an action by the assignee of a claim arising out of contract, the assignor must be made a party defendant. The complaint shows on its face that the claim in suit had been assigned to appellee's decedent, and that Cynthia Meenach, the assignor, is deceased. Under such circumstances, the defect of parties complained of was waived by appellant's failure to demur to the complaint on that ground. *Carskaddon* v. *Pine* (1900), 154 Ind. 410, 56 N. E. 844; *Darnall* v. *Simpkins* (1894), 10 Ind. App. 469, 38 N. E. 219.

Error is predicated upon the action of the court in refusing to give to the jury the following instruction tendered by appellant: "If you find from the evidence that the claim and account claimed to have been assigned was due more than six years prior to October, 1915, and that no payment, either of interest or otherwise, has been made thereon within six years prior to said October, 1915, then any payment of interest in October, 1915, would not revive said account and the collection* of said account is barred by the Statute of Limitations, and your verdict should be in favor of the estate of Evadna R. Emerson."

It is conceded by appellant that a voluntary payment by his decedent, either of principal or interest, before the claim was barred by the statute of limitations had

run would have been such an acknowledgment of the debt as would have started the running of the statute anew from the date of such payment; but he contends that a mere payment of interest after the claim had been barred by the statute could not have that effect. In support of this contention appellant cites §303 Burns 1914, §301 R. S. 1881, of the statute of limitations, which provides that: "No acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take the case out of the provisions of this act, unless the same be contained in some writing signed by the party to be charged thereby." Appellant has, however, overlooked §305 Burns 1914, §303 R. S. 1881, of the statute which provides that "Nothing contained in the preceding sections shall take away or lessen the effect of any payment made by any person." Under these sections of the statute, when construed together, a voluntary and unconditional payment on a debt has the same effect as a written acknowledgment signed by the debtor. 1 Wood, Limitations (4th ed.) 603, and cases cited. It is well established in this state that a payment of interest is as effective to revive the debt as is a payment of principal. *MacMillan* v. *Clements* (1904), 33 Ind. App. 120, 70 N. E. 997. It is immaterial whether the payment precedes or follows the bar of the statute. A debt barred by the statute of limitations is not extinguished; though unenforceable at law, it is nevertheless a sufficient consideration for a new promise. The payment of interest by appellant's decedent in October, 1915, as shown by the evidence, took place before the commencement of this action, and was made voluntarily and without qualification, and operated to remove the bar of the statute of limitations. 1 Wood, Limitations (4th ed.) 431. See, also, *Kisler* v. *Sanders* (1872), 40 Ind. 78; *Ketcham* v. *Hill* (1873), 42 Ind. 64, 81; *Christian* v.

*State, ex rel.* (1893), 7 Ind. App. 417, 34 N. E. 825. The court did not err in refusing to give said instruction. The instructions taken as a whole fairly present the law of the case.

We find no error. Judgment affirmed.