**Lois R. CLARK, Appellant–Defendant,**

v.

**UNIVERSITY OF EVANSVILLE,
Appellee–Plaintiff.**

No. 82A01–0209–CV–366.

Court of Appeals of Indiana.

Feb. 26, 2003.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

Robert P. Carithers, Trimble & Jewell, Evansville, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Lois R. Clark appeals the trial court's judgment in favor of appellee-plaintiff University of Evansville (University). Specifically, Clark argues that the trial court erred by refusing to invoke the statute of limitations to bar the University's claim against her for a dishonored draft that she presented to the University towards payment of her daughter's tuition. Clark also contends that a two-year statute of limitations bars the University's claim for punitive damages. Concluding that the trial court properly refused to bar the University's claim for the dishonored draft but that it erred in declining to apply the corresponding statute of limitations to the University's claims for punitive damages, we affirm in part, reverse in part, and remand.

## FACTS

The facts most favorable to the judgment reveal that on November 27, 1995, Clark wrote a check for $498.00 payable to the University for her daughter's tuition. The check was deposited on December 8, 1995, and shortly thereafter dishonored. Almost two and one-half years later, on May 1, 1998, the University notified Clark by mail that her check had been dishonored. Subsequent notices—which were all returned as undeliverable—were sent on November 25, 1998; December 8, 1998; March 29, 1999; and April 26, 1999, to the address listed on Clark's check. On February 23, 1999, Clark sent the University a money order for $100.00 in an envelope on which her return address was written.

■ On February 25, 2002, the University filed its complaint under Indiana Code section 26–1–3.1–414, which obligates the drawer of a dishonored draft to pay its value. The University also claimed that Clark had violated the check deception statute,[1] so it demanded treble damages, court costs, and attorney's fees, as provided for by Indiana Code section 34–24–3–1,[2] for a total of $1365.67. Clark, by this time living in Michigan, denied that she owed the University any funds. Clark argued that the University's claim was time-barred by the three-year statute of limitations applicable to dishonored drafts.[3]

Clark also maintained that, even if the three-year statute of limitations did not apply to bar the University's claim, the University's demands for treble damages, attorney's fees, and court costs—being penal in nature—were barred by a two-year statute of limitations. In response, the University claimed that Clark's partial payment of $100 made by money order on February 23, 1999, tolled the three-year statute of limitations[4] but did not address Clark's argument with respect to the two-year statute of limitations. At the trial, the University offered a ledger that noted a $100 money order had been received and credited to Clark's account. Clark did not dispute that she made this payment. After hearing the evidence, the trial court found for the University and ordered Clark to pay the University $1623.99, which included treble damages, attorney's fees, court costs, and prejudgment interest. Clark now appeals.

## DISCUSSION AND DECISION

### I.  Standard of Review

■ We first note that in the appellate review of claims tried by the trial court, this court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility

1.  Ind.Code § 35–43–5–5.

2.  Indiana Code section 34–24–3–1 reads, in relevant part:
    If a person suffers a pecuniary loss as a result of a violation of IC 35–43, IC 35–42–3–3, IC 35–42–3–4, or IC 35–45–9, the person may bring a civil action against the person who caused the loss for the following:
    (1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.
    (2) The costs of the action.
    (3) A reasonable attorney's fee.

3.  Ind.Code § 26–1–3.1–118(c).

4.  We note that a partial payment that operates to toll the statute of limitations also sets the statute of limitations running anew. *Spencer v. McCune*, 73 Ind.App. 484, 487–88, 126 N.E. 30, 31 (1920). Since Clark's payment was received on February 23, 1999, the filing deadline was February 23, 2002, three years after Clark's partial payment. February 23, 2002, however, fell on a Saturday. By operation of Indiana Trial Rule 6, the deadline was extended through the next business day, Monday, February 25, 2002.

of the witnesses." Ind. Trial Rule 52(A). In determining if a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses but only consider evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Flint v. Hopkins*, 720 N.E.2d 1230, 1232 (Ind.Ct. App.1999). A judgment is clearly erroneous only if the record provides "the firm conviction that a mistake has been made." *Ind. Dep't of Corr. v. Stagg*, 556 N.E.2d 1338, 1341 (Ind.Ct.App.1990).

## II. Statute of Limitations

■ In resolving whether the partial payment Clark made on her daughter's account tolled the statute of limitations, we first quote Indiana Code section 26–1–3.1–118(c), our statute of limitations with respect to dishonored drafts:

> Except as provided in subsection (d), an action to enforce the obligation of a party to an unaccepted draft to pay the draft must be commenced within three (3) years after dishonor of the draft or ten (10) years after the date of the draft, whichever period expires first.

The purpose behind statutes of limitation such as this one is to provide security against stale claims. *Shideler v. Dwyer*, 275 Ind. 270, 273, 417 N.E.2d 281, 283 (1981) (quoting 51 Am.Jur.2d *Limitation of Actions* § 50 (1970)).

In construing the provisions of this statute, we have held that partial payment of a debt may constitute "an admission of continued indebtedness" which "remove[s] the bar of the statute." *Meehan v. Meehan's Estate*, 98 Ind.App. 9, 14, 186 N.E. 908, 909 (1933). In *Meehan* we also stated that such a partial payment must be "accompanied by circumstances or evidence amounting to an unqualified acknowledgment of more being due, from which a promise may be inferred as a matter of fact and not

as a matter of law, to pay the remainder." *Id.* at 910.

■ Here, the University presented a ledger entry that showed $100.00 had been credited to Clark's account on February 23, 1999, because the University had received a money order in partial satisfaction of her daughter's account. Appellant's App. p. 13. As Clark never denied that she made this payment, the trial court was apparently convinced that Clark's $100.00 payment constituted "circumstances or evidence amounting to an unqualified acknowledgment of more being due." *Id.* Because we do not reweigh the evidence on appeal but only consider evidence that supports the judgment, we may not disturb the trial court's decision with respect to the tolling of the three-year statute of limitations. *Flint*, 720 N.E.2d at 1232.

## III. Treble Damages, Attorney's Fees, and Court Costs

Clark argues that even if a partial payment tolled the three-year statute of limitations for enforcing a dishonored draft, the trial court erred in ordering treble damages, attorney's fees, and court costs because a two-year statute of limitations applies to such claims. Appellant's Br. p. 6.

■ We note that Indiana Code section 34–24–3–1 allows a plaintiff to collect treble damages, attorney's fees, and court costs from a defendant who has committed certain violations of the criminal code, including check deception. We also note, however, that this court has determined that a claim under Indiana Code section 34–24–3–1 is penal in nature. *Browning v. Walters*, 616 N.E.2d 1040, 1046 (Ind.Ct. App.1993). As such, a two-year statute of limitation applies. *Id.*

■ Here, because the University did not file its complaint until February 25,

2002, its claim for treble damages, attorney's fees, and court costs was barred by the two-year statute of limitations. Thus, the trial court erred with respect to this issue.

## IV. Damages

Having decided that the trial court erred in awarding the University treble damages, attorney's fees, and court costs, we move to the calculation of the University's actual award. The original debt for which Clark wrote the dishonored draft was $498.00. Clark paid $100.00 of this debt by money order on February 23, 1999. Thus, Clark remains liable for the payment of $398.00 plus interest.

## CONCLUSION

In light of our disposition of the issues set forth above, we conclude that the trial court properly refused to bar the University's claim for Clark's dishonored draft. We also find, however, that the trial court erred by not barring the University's claim for treble damages, attorney's fees, and court costs in accordance with the two-year statute of limitations. Thus, we reverse the trial court's judgment in part and remand this case with instructions that the trial court recalculate damages and interest to which the University may be entitled.

Affirmed in part, reversed in part and remanded.

RILEY and MATHIAS, JJ., concur.