*J. Ryman,* for the State.

---

### ARNOLD and Others *v.* STANFIELD.

Bill against widows and minor heirs to foreclose a mortgage given to secure the payment of promissory notes for the purchase-money. The record shows that the infants appeared by guardian *ad litem,* and answered in the usual manner; and that the cause was submitted on the bill, exhibits, and oral testimony as to the execution of the mortgage. Decree of foreclosure. It is not shown that the notes were produced, or their execution, or even their existence proved on the trial. There is no allegation of their execution in the bill; but they are described in the mortgage.

*Held,* that it was not essential that the execution of the notes should be stated in the bill; for the mortgagors would be estopped from denying it, and the heirs are bound by the same estoppel.

*Held,* also, that, the action being upon the mortgage, it is well sustained, *prima facie,* by proof of the execution of that instrument.

*Held,* also, that the Court below, the defendants being infants, might, in the exercise of a discretionary power, have withheld its decree until the notes were produced, or their absence accounted for; but the non-exercise of such power is no ground for reversal.

Nov. Term,
1856.

ARNOLD
v.
STANFIELD.

Tuesday,
December 9.

ERROR to the *Tippecanoe* Circuit Court.

DAVISON, J.—This was a bill in chancery by *John Stanfield*, to foreclose a mortgage against *Mary Ann Arnold*, the widow, and *Stephen* and *Ann M. Arnold* the heirs at law, of *George Arnold; Louisa Arnold*, the widow, and *Theresa, Emily, Eugene, Jacob*, and *William Arnold*, the heirs at law of *Joseph Arnold;* and *Margaret Sager*, the widow, and *Elma S.* and *Hester Sager* the heiresses at law of *Hiram Sager*. The mortgage is in the usual form. It was executed by the said *George, Joseph* and *Hiram* in their lifetime. It is copied in the bill, and shows that it was given to secure the payment of three promissory notes described in the mortgage, each of which is for the payment of 266 dollars and 66 cents. The bill alleges that said heirs at law are all infants, and the record shows that they appeared by guardian *ad litem*, who answered in the usual manner. It further shows that the cause was submitted on bill, exhibits, and oral testimony as to the execution of the mortgage; and on final hearing, the Court rendered a decree of foreclosure, &c. The record does not show that the notes were produced as exhibits or otherwise, nor that proof of their execution, or even of their existence, was given on the hearing of the cause; hence, it is insisted that the decree against the infants is erroneous.

There is no allegation in the bill relative to the execution of the notes, nor is it essential that there should be. They are described in the mortgage; and the mortgagors, having executed that instrument, would be, were they defendants in this case, estopped from denying the existence of the notes thus described. The widows and heirs are, of course, bound by the same estoppel. It is true, the bill, as to the infants, stood as if each material allegation had been denied, and each should be sustained by sufficient proof; but is it not so in this case? The suit was instituted on the mortgage and not on the notes; and it seems to us that this action is well maintained, *prima facie*, by proving the execution of the contract upon which it is based. The Court, the de-

fendants being infants, might, in the exercise of a discretionary power, have withheld its decree until the notes were produced or their absence accounted for; but the non-exercise of such power is evidently no ground of reversal. We are referred to *Campbell* v. *Campbell*, 1 Ind. R. 220. That case simply decides that the answer of a complainant to the cross-bill of adult defendants, stating the consideration of a note, cannot be taken as proof against the infant defendants. This decision is, therefore, inapplicable to the case at bar.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Allen, R. C. Gregory* and *R. Jones,* for the plaintiff.

