## JOSHUA J. MOORE *et al.*

### *v.*

### GEORGE TITMAN.

1. EVIDENCE, *on foreclosure of mortgage — note should be produced or accounted for.* At the hearing of a suit in equity for the foreclosure of a mortgage, if the sum due thereon is not admitted, the note or other written evidence of the debt secured should be produced or its non-production accounted for.

2. ALLEGATIONS AND PROOFS, *in suit for foreclosure — variance between instrument described in the mortgage and the one produced.* In a suit for foreclosure, a copy of the mortgage was attached to and made a part of the bill. The instrument secured was described in the mortgage as a promissory note for $2,500, dated August 14, 1858, payable April 1, 1860, by a draft on New York with current rate of exchange, and interest payable annually. The instrument produced at the hearing was an obligation under seal, in the penal sum of $5,000, conditioned for the payment of $2,500 April 1, 1860, by draft on some solvent bank in the city of New York, to be sent to the obligee with interest payable annually. *Held*, the instruments were of a different nature, and the one produced did not authorize a decree of foreclosure.

WRIT OF ERROR to the Peoria County Circuit Court; Hon. ELIHU N. POWELL, Judge, presiding.

This was a bill filed by the defendant in error to foreclose a mortgage executed by the plaintiff in error to the defendant in error, and dated August 14, 1858. A copy of the mortgage was annexed to and made a part of the bill. Answers and a replication were filed, and the cause was set down for hearing upon bill and answer. The mortgage was expressed to be given to secure the payment of the sum of two thousand five

hundred dollars, "according to the tenor of one certain promissory note bearing even date hereof and due April the first, one thousand eight hundred and sixty, payable by draft on some banking house in the city of New York, with current rate of exchange, with interest at ten per cent., payable on the first day of April annually, and the interest also payable in New York in like manner as the principal."

At the hearing the complainant produced a bond, executed by the plaintiff in error to the defendant in error, bearing date August 14th, 1858, in the penalty of five thousand dollars, conditioned for the payment of the sum of two thousand five hundred dollars "with interest thereon, at the yearly rate of ten per cent. for the same, by draft on some solvent bank in the city of New York, sent to the said George Titman, his executors, administrators or assigns, the interest to be paid on the first day of April next and annually thereafter, the principal to be paid on the first day of April, in the year of our Lord one thousand eight hundred and sixty."

The note described in the mortgage was not produced, nor was its non-production accounted for.

The court rendered a decree in favor of the complainant in the bill. The premises were sold under it, and the defendant in the bill sues out this writ of error.

Two questions are presented under the assignment of errors: *First,* whether it is necessary, upon bill to foreclose a mortgage, to produce the note or other written evidence of the debt secured by the mortgage, or to account for its non-production; and, *second,* whether the instrument produced in this case was the same as that described in the mortgage as being thereby secured.

Messrs. JOHNSON & HOPKINS, for the plaintiffs in error, insisted that the debt is the principal and the mortgage the incident, and that the note on foreclosure of the mortgage must be produced, or its absence accounted for. *Lucas* v. *Harris,* 20 Ill. 165; *Ryan* v. *Dunlap,* 17 id. 40; *Jack ex dem. Willard,* 4 Johns. 42; *Reeve et al.* v. *Tilden,* 18 Ill. 77.

In Vermont, where foreclosure of mortgage is effected indifferently, in chancery by bill, or law by ejectment, the same principle was recognized and established at an early day, and has never been abandoned. *Abel Edgel* v. *Stanford,* 3 Vt. 202.

In that case the court say " the mortgage deed and note are to be considered as one instrument, and both should be read together to make a *prima facie* case for the plaintiff. Whether foreclosure or ejectment, it is a suit to compel payment of a debt. The mortgage deed is no more evidence of the note without the presence of the note than the note would be of the mortgage without the production of the mortgage. The mortgagee obtains no decree in chancery without the production of the note."

The decision was directly reaffirmed in the case of *Burton* v. *Austen et al.* 4 Vt. 109.

The court say it " must be required of the plaintiff to produce the note."

" The giving the mortgage deed acknowledges the giving of the note therein described, but does not acknowledge its existence at any later period. The deed is no evidence of the existence of the note after its execution."

The same principle obtains in Connecticut, where it was also established at an early day, in the case of *Beers et al.* v. *Hawley et al.* The court say, " Though on a bill of foreclosure the mortgage deed and securities therein described are admitted, this will not dispense with the production of those securities, or accounting for their non-production, to enable the court to find the amount of the mortgage debt due at the time of the decree. 3 Conn. 110; in which are cited 2 Term R. 201; 2 Day, 328; *Beris* v. *Lindsel,* 2 Strange, 1149; *Anon.,* 3 Will. 188; *Thelluson* v. *Fletcher,* Dana, 301; *Green* v. *Horne,* 3 Term R. 301, which fully sustain the ruling in that case.

Non-production of the notes is error. *Welkirs* v. *Welkirs,* 4 Port. 245, 249 and 250.

Decree must recite that proof of note and mortgage was made. *Judson* v. *Eumand,* 1 Ala. 598.

Counsel insisted the instrument described in the mortgage as being secured thereby, not being produced, but an instrument of an entirely different character, the decree of foreclosure was erroneous.

Messrs. Ross, Tipton & Winter, for the defendant in error.

There is no such variance between the instrument described in the mortgage, and that produced on the hearing, as can affect the decree.

This court at an early date, *Leidig* v. *Rowson*, 1 Scam. 272, laid down the rule, " That whenever an instrument of writing " or record is not the foundation of the action, a variance is not " material, unless the discrepancy is so great as to amount to a " strong probability it cannot be the instrument or record " described or referred to," which rule has often since been approved. The mortgage was the foundation of this suit, although it was necessary that the obligation it was given to secure should be produced, or its non-production accounted for before a decree of foreclosure could be rendered.

We admit, the bond secured by the mortgage is not mentioned in the bill or mortgage, *eo nomine*, yet, it is submitted, it is evidently the contract or obligation referred to in both. In fact, the conditions of the bond offered as evidence in this case, show a contract identical with the undertakings averred in the bill, and the promises or obligations specified in the mortgage; and that those conditions constitute the essence of the contract entered into between the parties. The variance in the name of the instrument offered as evidence in this case, is technical, and, therefore, immaterial. In the case of *Beers* v. *Handley*, 3 Conn. 110, referred to in the plaintiffs' brief, the ground upon which the case was reversed, appears to be, " the " securities were not produced, or their non-production ac- " counted for, which is quite a different state of facts from those in this case, where they were produced, but were of a different technical nomenclature.

In *Hadley* v. *Chapin*, 11 Paige, 245, with regard to the evidence in suits on mortgages, it was *held*, " that a technical

" variance between the mortgage and that proved, was imma-
" terial," which ruling would be equally applicable to the instru-
ment secured by this mortgage. But in this case, the plaintiffs'
objection to the sufficiency of the proof upon which the decree
of the court below was founded, comes too late.

In *Inge* v. *Boardman*, 2 Ala. 331, it was *held*, " when the
" record in a suit to foreclose, finds that the mortgage and
" note secured thereby, were used in evidence at the hear-
" ing, it will be presumed, in absence of exceptions, that the
" proper proof was made, and the case comes too late in the
" appellate court."

In *Collins et al.* v. *Carlile et al.*, 13 Ill. 254, this court *held:*
" A bill of foreclosure, although it does not show the real con-
" sideration for, or the precise amount due upon the mortgage,
" will authorize a decree, although the proofs may show a less
" sum to be due than was claimed or a state of facts not averred
" in it, if the facts are not incompatible with the allegations
" of the bill."

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

At the hearing of a suit in equity for the foreclosure of a
mortgage, if the sum due thereon is not admitted, the note or
other written evidence of the debt secured should be produced
or its non-production accounted for. *Ryan* v. *Dunlap*, 17 Ill.
40; *Reeve* v. *Tilden*, 18 id. 77; *Lucas* v. *Harris*, 20 id. 165.

A copy of the mortgage was attached to, and made a part of
the bill; and the only question for our consideration is, whether
the instrument produced is the one described in the mortgage.
The instrument described in the mortgage is a promissory note
dated the 14th of August, ·1858, for the sum of twenty-five
hundred dollars, and payable on the 1st day of April, 1860, by
draft, on some banking house in the city of New York, *current
rate of exchange*, and interest at the rate of ten per cent., pay-
able in the city of New York on the first day of April annually
in like manner with the principal.

The instrument produced at the hearing is an obligation
under seal in the penal sum of five thousand dollars, condi-

tioned for the payment of twenty-five hundred dollars on the 1st day of April, 1860, by draft on some solvent bank in the city of New York, to be sent to the said Titman, with interest at the rate of ten per cent., payable on the 1st day of April annually, in like manner with the principal. The instruments were of a different nature. Both instruments were to be discharged by a draft on New York. If the draft was worth less than its face at the place where the instruments were to be paid, the one required payment of the current rate of exchange between that place and New York, and the other did not require it. We cannot say that instruments of a different nature, and requiring payment of different amounts are the same.

The decree of the court below must therefore be reversed and the cause remanded.

*Decree reversed.*