## HAWES *v.* RHOADS, Administrator.

EVIDENCE.—*Revenue Stamp.—Recorder's Certificate.*—A certified copy of the record of a mortgage is not rendered inadmissible in evidence by the want of a revenue stamp upon the recorder's certificate, such official instruments being exempt from stamp duty.

SAME.—*Foreclosure of Mortgage.—Production of Note.*—In a suit by the holder of a mortgage given to secure the payment of a note, to foreclose the mortgage, no personal judgment being sought, the plaintiff need not produce the note and offer it in evidence, if it be in the possession of the defendant.

APPEAL from the Pike Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant to foreclose a mortgage executed by the latter to the plaintiff's intestate in his lifetime, to secure the payment of a note for twenty-four hundred dollars, no personal judgment being sought.

Answer of general denial, and payment. Issue, trial by jury, verdict for plaintiff, and judgment of foreclosure for the amount of seven hundred and fifty dollars.

A bill of exceptions raises the questions pressed upon our consideration.

It is claimed that the court erred, first, in admitting improper testimony; second, in giving and refusing instructions; and third, in not setting aside the verdict as being contrary to the evidence.

On the trial, the plaintiff offered in evidence a copy of the record of the mortgage, duly certified by the proper recorder, but this was objected to by the defendant because the recorder's certificate had upon it no revenue stamp. The objection was overruled, and the certified copy of the mortgage admitted. There was no error in this ruling, as such certificates need no stamp.

By the act of Congress of July 3d, 1866, it is provided, "that all official instruments, documents, and papers issued by the officers of the United States government, or by the officers of any state, county, town, or other municipal corporation, shall be, and hereby are, exempt from taxation." The certificate of the recorder is an instrument issued by a county officer, in the discharge of his official functions as such, and comes clearly within the spirit and letter of the exempting statute. On this ground it has been held by this court that county orders were exempt from stamp duty. *Nave* v. *King*, 27 Ind. 356.

We come to the next point. On the trial, the note was not produced, it being in possession of the defendant. The point raised on the instructions given and those refused is, whether it is necessary in such case to produce the note and offer it in evidence. The court held it unnecessary, saying to the jury, in substance, that the holder of a mortgage given to secure the payment of a note has a double remedy; he may sue on both or either of them, and recitals in the mortgage are evidence of facts therein recited. In a case like this, where the proceeding is for a foreclosure only, the authorities are somewhat in conflict as to the necessity of producing the note. It was held to be unnecessary by this court in the case of *Arnold* v. *Stanfield*, 8 Ind. 323 ; while a different ruling seems to have been made in the following cases : *Lucas* v. *Harris*, 20 Ill. 165 ; *Moore* v. *Titman*, 35 Ill. 310; *Bennett* v. *Taylor*, 5 Cal. 502. Probably there are other cases to the same effect. The recitals in the mortgage are undoubtedly sufficient proof of the execution of the note, and there is no need of any further proof in order to fore-

Hawes *v.* Rhoads, Administrator.

close the mortgage. There are, nevertheless, some good reasons why, as a matter of practice, the court should require the plaintiff to produce the note and offer it in evidence, where it is in his possession or under his control. In the ordinary course of business, payments are frequently made upon notes secured by mortgage, and endorsed thereon, the maker preserving no evidence of such payments except the endorsements. But where, as in this case, the defendant has the possession of the note, there is no good reason why the plaintiff should be required to produce it. If it contain, by way of endorsement of payments or otherwise, any evidence to his advantage, the defendant may, in such case, avail himself of it by producing the note and offering it in evidence. There was no error committed in reference to the instructions as applied to the case, in view of the defendant's possession of the note. We put the decision of this point on the ground of the defendant's possession of the note, but do not decide that it would or would not be error to render judgment of foreclosure without producing the note where it is in the plaintiff's possession or under his control.

We cannot reverse the judgment below on the evidence, which was quite conflicting. There were two trials, both resulting the same way, though in the former the damages assessed were larger than in the latter.

The circumstance of the defendant having the note would, unexplained, be very strong evidence that he had paid and taken it up; but, on the other hand, the evidence tends strongly to show that he obtained such possession under such circumstances as would entirely remove any presumption of payment arising from such possession.

The judgment below is affirmed, with costs and five per cent. damages.

*J. W. Burton, J. H. O'Neal,* and *F. W. Viehe,* for appellant.
*J. C. Denny, G. G. Reily,* and *J. N. Evans,* for appellee.