Shin v. Bosart.

NO. 7827.

SHIN v. BOSART.

HUSBAND AND WIFE.—*Contract by Wife of Insane Husband as to Her Separate Real Property.—Statute Construed.*—By the act of March 11th, 1861, 1 R. S. 1876, p. 555, a married woman whose husband is insane, but whose insanity has not been judicially declared, can make a valid contract concerning her separate real property.

PLEADING.—*Complaint to Foreclose Mortgage.—Copy.*—It is not necessary, in an action seeking only the foreclosure of a mortgage, to file therewith a copy of the note secured thereby.

From the Hamilton Circuit Court.

*W. A. Kittinger* and *J. W. Sansberry*, for appellant.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham*, for appellee.

ELLIOTT, J.—The record in this case presents a single question of law, and that question is: Can a married woman whose husband is insane, but whose insanity has not been judicially declared, make a valid contract concerning her separate real property?

The answer to this question depends upon the construction to be given the act of March 11th, 1861, 1 R. S. 1876, p. 555. The 1st section of that act, omitting the enacting clause, reads as follows: "That all married women, or those who may be hereafter married, whose husbands are, or may be insane, are during the continuance of such insanity, hereby enabled and authorized to make and execute all such contracts, and to be contracted with, in relation to their separate property, as they could if they were unmarried, and they may sue and be sued thereon as if they were *sole.*" The language used is comprehensive and explicit, and the right to contract is declared to exist in all such cases, where the husband is insane; there is not a word restricting the right to contract to cases where the husband has been adjudged insane by a court. To give the statute any such effect as that claimed for it, we should be compelled to

add to it words of important meaning, a' thing we have no right nor any inclination to do. The right of the *feme covert* to make contracts concerning her separate real estate exists in all cases where the actual fact of the husband's insanity exists, no matter how that fact is established.

The object intended to be accomplished by the statute is obvious, and the wisdom of such an enactment very manifest. The reason the law has always required that married women should only contract with the consent of, and in conjunction with, the husband, is, that the advice, experience and business knowledge of the latter should be used for the benefit of the wife, and to prevent her from being drawn into contracts prejudicial to her interests. This reason can not apply where the reasoning powers of the husband are overthrown by disease, and where, so far from being capable of giving advice, he is incapable of thinking natural thoughts.

The husband's insanity is the material fact, and not the mode of procedure by which that fact is ascertained. The judgment in proceedings under the statute authorizing the appointment of guardians is merely one method of establishing the existence of mental disease, and it is not the only method; nor is a man to be treated as sane simply because a commission has never declared him to be insane.

The appellant insists that the appellee's complaint is bad, because a copy of the note is not set out, but this can not amount to the dignity of a question requiring serious comment, for the complaint is founded solely on the mortgage, and seeks only a decree of foreclosure.

Judgment affirmed, with costs.