No. 9227.

## SPERRY ET AL. v. DICKINSON ET AL.

PLEADING.—*Complaint.*—*Mortgage.*—A complaint which seeks merely to foreclose a mortgage need not exhibit the notes secured by the mortgage.

MARRIED WOMAN.—*Mortgage.*—*Husband and Wife.*—If a married woman joins her husband in a mortgage of her lands to secure the husband's debt, the mortgage containing a covenant to pay the debt, it is good; otherwise, if she give her note, and the covenant in the mortgage is to pay the note.

Sperry *et al. v.* Dickinson *et al.*

SAME.—A covenant in a mortgage to pay "the sum of money above secured," referring to a previous description of notes by dates, amount, rate of interest and time of maturity, is an agreement to pay the debt.

SAME.—*Assignment of Mortgage.—Evidence.*—In a suit by an assignee of a mortgage of the wife's land, an assignment of her notes secured thereby on the mortgage record, though they are void, is a good equitable assignment of the debt, and, when the general denial is in, the assignment is a necessary part of the plaintiff's evidence against the wife, but the notes are not.

COUNTER-CLAIM.—*Mortgage.—Foreclosure.*—A counter-claim in a suit to foreclose a mortgage, whereby a defendant avers that he holds one of several notes secured by the mortgage, which is not due, and praying that his rights be protected, need not allege that the note is unpaid; nor is a counter-claim bad on demurrer if it pray too much relief.

PRACTICE.—*New Trial.*—Where the finding is joint against two defendants, the evidence being insufficient as to one, both are entitled to a new trial.

From the Steuben Circuit Court.

*J. I. Best,* for appellants.

*J. A. Woodhull* and *W. G. Croxton,* for appellees.

BICKNELL, C. C.—This was an action by the assignees of a mortgage to foreclose it. The appellees Julia Dickinson and Emma E. Dickinson were the plaintiffs.

The complaint stated that the defendants Sperry and wife mortgaged the land to Arnold to secure its purchase-money, which was embraced in eleven notes for $500 each, and one note for $1,000, all executed by Mrs. Sperry and payable to Arnold, the first one in 1875, and the others in succession annually thereafter, except the note for $1,000, which was payable in 1877; that the first three of the notes had been paid, the fourth paid in part, and that the fifth, sixth, seventh and eighth of the $500 notes and the $1,000 note had been endorsed by Arnold to the plaintiffs, and that Arnold had assigned to the plaintiffs, by a writing on the record of the mortgage, so much of the mortgage as secured the notes so endorsed; that Arnold had sold another of the $500 notes to the defendant Enos Michael, and had died the owner of the other two of said notes which had come into the hands of his executor, the defendant Henry H. West, who was required to

answer as to said assignment of the mortgagee. The complaint demanded foreclosure only. The defendants West and Michael filed cross complaints, demanding that their interests should be protected in the decree.

There was a trial by the court, with a finding and judgment for the plaintiffs, that the property be sold to pay them the amounts due, and to become due, with a rebate of interest, and that the proceeds of the sale should be applied, 1st, in payment of costs; 2d, in payment of plaintiffs; 3d, in payment of the ninth note for $500 to the defendant West; 4th, in payment of the tenth note for $500 to the defendant Michael; 5th, in payment of the eleventh note for $500 to the defendant West, with a proper rebate of interest upon the notes not due. From this judgment Sperry and wife, the mortgagors, appealed.

One of the errors assigned is, that the demurrer to the complaint was overruled; another is, that the complaint does not state sufficient facts, etc. The only objection made to the complaint is, that copies of the notes are not made parts of the complaint.

The suit being upon the mortgage only and not upon the notes, it was not necessary that the notes, or copies of them, should be filed with the complaint. *Shin* v. *Bosart,* 72 Ind. 105; *Ragsdale* v. *Parrish,* 74 Ind. 191; *Morgan* v. *S. A. Organ Co.,* 73 Ind. 179; *Keith* v. *Champer,* 69 Ind. 477. The complaint was sufficient.

Another error assigned is, that the court sustained the plaintiffs' demurrer to the first, second and third paragraphs of the answer of Sperry and wife.

The first and second of these paragraphs alleged that Mrs. Sperry was a married woman and owned the land when the notes and mortgage were executed. The third paragraph was pleaded as to the claim for $1,000, and stated that, when the note for $1,000 and the mortgage were executed, Mrs. Sperry was a married woman and owned the land, and that said note was given solely for her husband's debt.

When a married woman gives her own note for her hus-

band's debt, and she and her husband join in mortgaging her land to secure that debt, and in the mortgage expressly agree to pay the debt, that mortgage may be foreclosed. *Brick* v. *Scott*, 47 Ind. 299 ; *Hubble* v. *Wright*, 23 Ind. 322 ; *Layman* v. *Shultz*, 60 Ind. 541. But if the mortgage contain no stipulation to pay the debt, it can not be foreclosed. In *Brick* v. *Scott, supra,* this court said that the promissory note of a married woman is absolutely void, and that where the agreement in the mortgage is to pay void notes, without any agreement to pay the debt for which the notes were given, there can be no foreclosure, because there is no description or identification of the debt intended to be secured.

In the present case the stipulation in the mortgage is, " The mortgagors expressly agree to pay the sums of money above secured," and said sums of money are previously stated in the mortgage thus : " Twelve notes of even date herewith, eleven of $500 each, due in 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 years, with 6 per cent. interest, and one of $1,000, due in 3 years, with 10 per cent. interest, to be paid annually."

The appellants insist that, under the authority of *Brick* v. *Scott, supra,* there can be no foreclosure here, " for the reason that the notes are void, and there is no promise in the mortgage to pay the debt for which the notes were given." They say, " it is true that the mortgagors expressly agree to pay the sums of money above secured, but this adds nothing to it, for the reason that there are no 'sums above secured.'"

In *Brick* v. *Scott, supra,* the mortgage was given "to secure the payment of the following described notes," and there was no separate agreement to pay any money ; but here the sums are stated, and there is a separate agreement, in substance, to pay the sums above mentioned, or the above sums. There is, therefore, a sufficient identification and description of the debt to be paid, which there was not in *Brick* v. *Scott, supra.*

There was no error in sustaining the demurrers to the first, second and third answers of the defendants Sperry and wife. Another error assigned is, overruling the demurrer of the de-

fendants Sperry and wife to the cross complaint of Enos Michael. The objections made to this cross complaint are:

1. That Michael's note or a copy of it was not filed therewith.

2. That the cross complaint failed to aver that said note was unpaid.

The answer to these objections is, that the cross complaint was not seeking a judgment on the note. Its prayer was, that if the plaintiffs should obtain a decree of foreclosure, then there might be a finding and decree upon the mortgage to the extent of Michael's interest. It appeared by the cross complaint that Michael's note was not due; in such a case it was not necessary either to make the note an exhibit, or to allege that it was unpaid. There was no error in overruling the demurrer to the cross complaint of Michael. Another error assigned is, overruling the demurrer of the defendants Sperry and wife to the first paragraph of the cross complaint of West, executor.

The objections made to this paragraph are, that the notes held by West, executor, were not due, and that the paragraph claims too much relief. The paragraph, after stating the execution of the mortgage, and the payment of some of the notes, and the transfers of others, and that West, as executor, holds the ninth and eleventh of said $500 notes, and that the mortgaged land will not pay the mortgage debt, and that the mortgagors are both insolvent and without any property, except said land, of which any part of said debt can be made, prays that the lien of the executor may be enforced, and that he may have foreclosure, and all other proper relief, and that a receiver may be appointed of the rents and profits.

This paragraph shows that the executor was entitled, on a decree of foreclosure in favor of the plaintiffs, to have his interest considered and protected in the decree; it is no valid objection in such a case that the sum secured to the cross complainant is not yet due, nor that the cross complaint de-

Sperry *et al. v.* Dickinson *et al.*

mands too much relief. There was no error in overruling the demurrer to the first paragraph of the cross complaint of the defendant West.

It is also assigned as error that the court sustained the demurrers of the defendants Michael and West to the joint answers of Sperry and wife to each of their cross complaints.

These answers simply averred that the notes held by Michael and West, respectively, were not due.

It follows, from what has been already said, that there was no error in sustaining these demurrers.

All the assignments of error discussed in the appellants' brief have now been disposed of, except the overruling of the motion for a new trial.

Two only of the reasons alleged for a new trial are discussed in the appellants' brief, viz.:

1. That the decision is not sustained by sufficient evidence.

2. That the damages are excessive.

The appellants claim that the mortgage specifies no rate of interest, and that, therefore, only six per cent. interest can be allowed. But the sums of money which the mortgagors expressly agree to pay are eleven sums of $500, with interest at six per cent. from a given day, and one sum of $1,000, with interest at ten per cent. from a given day. When the mortgagors agreed to pay the sums above mentioned, they agreed to pay the interest mentioned, as well as the principal. The damages were not too large.

As to the evidence, the bill of exceptions shows that the notes held by the plaintiffs and mentioned in the mortgage were read in evidence against Jackson E. Sperry only, and that the mortgage was then read in evidence as against Jackson E. Sperry and Betsey Sperry, and that the assignment by Arnold entered upon the mortgage record was then read in evidence as against Jackson E. Sperry only. It was as follows:

"I acknowledge full pay on the first notes described in this mortgage, and assign the following notes to Julia and Emma Dickinson, to wit: The 4, 5, 6 and 7 notes of $500 each, and

the one note calling for $1,000, except one hundred dollars in last described note. I also assign the 8th note of $500 to Mary Barnes, this 26th day of March, 1877.

" MARTIN ARNOLD."

Although the notes mentioned in this writing are the notes of a married woman, and are, therefore void, yet the writing was an equitable assignment of so much of the mortgage debt as is therein mentioned, and carried with it an assignment *pro tanto* of the mortgage itself. It was not necessary to prove the execution of the writing, because it had not been denied on oath. *Belton* v. *Smith,* 45 Ind. 291; *Keller* v. *Boatman,* 49 Ind. 104. But it was necessary to read it in evidence as against both of the mortgagors, in proof of the plaintiffs' title; it was not read as against Betsey Sperry; therefore, as to her, the evidence was incomplete. *Jackson Township* v. *Barnes,* 55 Ind. 136; *Keith* v. *Champer,* 69 Ind. 477.

The appellants claim also that the notes ought to have been read in evidence as against Betsey Sperry; but, in an action on a mortgage alone, it is not necessary even to read the notes in evidence. This was decided in *Arnold* v. *Stanfield,* 8 Ind. 324. This case seems not to have been overruled, although a doubt was suggested in regard to it in *Hawes* v. *Rhoads,* 34 Ind. 79. The mortgagors, by the execution of a mortgage, are estopped from denying the existence of notes secured thereby; therefore, in this case, the notes, even if valid, need not have been read in evidence as against either of the defendants.

The evidence was sufficient as against Jackson E. Sperry, but the finding and judgment being against both the mortgagors, and the evidence being insufficient as to one of them, both were entitled to a new trial, and the reason alleged for the new trial to wit, that the finding was not sustained by sufficient evidence, is sufficiently specific for such a case. *Graham* v. *Henderson,* 35 Ind. 195.

The court erred in overruling the motion for a new trial, and its judgment should be reversed and a new trial ordered.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded for a new trial.