## Chicago Title & Trust Company, Trustee, Appellant. v. John Hektor et. al., Appellees.

### Gen. No. 16,433.

### Same v. Same.

### Appeal of Thomas H. Seymour et al.

### Gen. No. 16,434.

FORECLOSURE—*who not authorized to direct by trustee.* One not the owner of a bond secured by a trust deed has no authority to direct a foreclosure by the trustee named in such trust deed for default of the mortgagor.

Foreclosure. Appeal from the Superior Court of Cook County; the HON. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 25, 1912. *Certiorari* denied by Supreme Court (Making opinion final).

HENRY W. LEMAN and FRANK H. CULVER, for appellants.

ALDEN, LATHAM & YOUNG, GEORGE GILLETTE and JOHN D. HOOD, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

A bill was filed in the Superior Court of Cook County, October 4, 1906, by Chicago Title and Trust Company, as trustee, to foreclose a trust deed, signed by John Hektor, a bachelor, conveying to it certain real estate as security for eighty bonds, aggregating $20,000, also signed by John Hektor. On January 15, 1910, the court entered a final decree in the cause in which, among other things, it was adjudged that the said bill "was prematurely filed," and that the same "is hereby dismissed for want of equity, but without prej-

udice to any suit or suits to be hereafter brought to foreclose the deed of trust set forth in said bill, to which suit or suits this decree shall not be a bar, at the costs of the complainant." From this decree two separate appeals were taken to this court, one by complainant, Chicago Title and Trust Company, as trustee, and the other by Thomas H. Seymour and others, certain defendants to said bill. By an appropriate order said appeals were here consolidated for the purpose of the hearing only, and have been so treated by counsel in their arguments.

The bill to foreclose was in the usual form and charged, among other things, that of the issue of eighty bonds those numbered 1 to 11 inclusive had been paid and cancelled; that it was provided in said trust deed that the bonds should pass by delivery, unless registered, that "in case of default for a period of 30 days in making payment of any of said bonds, either of principal or interest, then the whole of said principal sum secured thereby should at once, without notice * * *, at the option of the holder of any one or more of said bonds then unpaid, become due and payable," and that upon such default being made it should be lawful for the trustee, and "upon the request in writing of the holder or holders of one or more of the then outstanding bonds it should be the duty of the trustee thereunder immediately, to institute a suit for the foreclosure of said mortgage in any court of competent jurisdiction;" that default had been made for 30 days and more in the payment of bond No. 12, for $100, due August 1, 1906, bond No. 13, for $100, due September 1, 1906, and by reason thereof "W. L. Barnum, Jr., the *owner and holder* of said bonds, numbers 12 and 13, * * * did declare all of said bonds, secured by said trust deed, immediately due and payable, and did on October 2, 1906, in writing, duly notify the complainant herein, * * * of such election and declaration, and did, in writing, apply to complainant

to immediately institute suit for the foreclosure of said trust deed, * * * and did duly lodge with said complainant'' said bonds. All persons having any interest were made parties defendant to the bill. The property conveyed by the deed of trust was known as the Randall apartment building in the city of Chicago.

The main issues presented by the pleadings were as to the ownership of bonds numbered 12 and 13 by William L. Barnum, Jr., as follows: (a) whether said Barnum, on October 2, 1906, was the legal owner and holder of said bonds, and (b) whether bond No. 13 had prior to that time been paid. The cause was referred to a master in chancery. The master found, among other things, that before and at the time of the beginning of this suit the defendant, Herbert W. Duncanson, was the owner of bond number 12, that bond No. 13 had not been paid, that said Barnum was, on October 2, 1906, the legal owner and holder of said bond, No. 13, and that he had the right on said date, as such owner, to declare the whole of said bond issue due and payable, because of the default in the payment of said bond having continued for more than thirty days. After a hearing on exceptions to the master's report the court announced its decision to the effect that prior to said October 2, 1906, bond No. 13 had been paid, and that on said date said Barnum was not the owner and holder of bonds 12 and 13. These findings were subsequently incorporated in the decree, which, as before stated, adjudged that the bill of complaint was prematurely filed and that the same should be dismissed. Between the time of said announcement by the court and the actual entry of the decree, a motion was made by appellant, Chicago Title and Trust Company, for leave to file an amended and supplemental bill, which motion, after a hearing, was denied by the court.

The record in this case is quite voluminous, as are the printed briefs and arguments of counsel for the respective parties, all of which have been carefully con-

sidered by us.  The main contention of appellants is that William L. Barnum, Jr., at the time he directed complainant to institute the foreclosure proceedings, was the owner and holder of bond No. 13, which he acquired by purchase from Dr. Otto J. Stein.  It appears from the testimony of Dr. Stein that he was the owner and holder of bond No. 13, in question, and also bonds numbered 14 and 15 (which were also in the amount of $100 each); that sometime in September, 1906, he took these bonds to the office of Jennings Real Estate Loan Company, where said bonds were payable, and personally received the money due on them; that the bonds "were paid"; that he did not get the money on them until three or four days after he first presented them, and that he does not remember who gave him the money or that he had any dealings with said Barnum.  On cross-examination he says that he does not know whether the bonds were paid or purchased, does not know who supplied the money to take them up, and that the money was paid to him by a person behind the cashier's window.  William L. Barnum, Jr., who claimed to be the owner and holder of bonds numbered 12 and 13, and who was an employe of said Jennings Company, testified on direct examination to the effect that he purchased said bond No. 13 from Dr. Stein prior to October 1, 1906, and that at the time he directed complainant to institute the foreclosure proceedings and at the time the bill was filed he was the holder and owner of said bond No. 13.  He was subjected to a vigorous cross-examination and his entire testimony, taken in connection with the other evidence in the case, is such that in our opinion it was not proven that he was the owner and holder of bond No. 13 on or before October 2, 1906, or at any time, or that he was at any time the owner and holder of bond No. 12.

Under the facts of this case as disclosed from the evidence, and under the law, we are of the opinion

that the chancellor did not err in dismissing the bill. Bennett v. Chandler, 199 Ill. 97. Nor do we think that error was committed in denying the motion for leave to file the amended and supplemental bill. The decree is affirmed.

*Affirmed.*