## MALONEY v. HOME LOAN AND TRUST COMPANY ET AL.

[No. 14,692. Filed September 20, 1933. Change of Mandate November 8, 1933. Petition for rehearing dismissed November 10, 1933.]

*Sheehan & Lyddick,* for appellant.

*Call & Call,* for appellees.

Wood, P. J.—On August 12, 1927, the appellant and her husband, Charles H. Maloney, executed a series of 320 bonds payable to the bearers thereof at the office of the appellee, Home Bank and Trust Company. On the same date, to secure the payment of the bonds, they executed and delivered what the parties designated as a trust deed (which will be referred to hereafter as a mortgage) to said trust company and its co-appellee, Lawrence H. Prybylski, as trustee for the use and benefit of the holders of said bonds, on certain real estate in the city of Gary, Indiana, which the appellant and her husband owned as tenants by the entireties. All the bonds were exactly alike excepting date of maturity and number.

The mortgage described the bonds which it was given to secure with minuteness. It did not contain a covenant upon the part of the Maloneys, separate and apart from the bonds to pay the sum of money which it was given to secure. Default was made in the payment of principal and interest on the bonds. Thereupon the trustees under said mortgage brought suit upon the same for foreclosure, but did not bring suit upon the bonds, the payment of which it was given to secure, and

did not ask for a personal judgment against the Maloneys on the bonds. A copy of the mortgage and a copy of one of the bonds with the allegation that all the bonds were exactly alike except as to maturity and number, were made exhibits to and filed with the complaint.

A demurrer was filed to the complaint. The first two causes for demurrer questioning the legal capacity of the plaintiffs to sue and alleging a defect of parties are waived because of the failure of appellant to discuss them in her brief. The third cause for demurrer challenges the sufficiency of the complaint to state a cause of action for wants of facts, (1) because the bonds secured by the mortgage which it was sought to foreclose were not made exhibits to the complaint, they being the only indebtedness owing by the Maloneys; (2) that the complaint proceeded upon the theory that the mortgage could be foreclosed without suit on the bonds described therein; that they were the only evidence of debt on which personal liability could be based; (3) that the mortgage sought to be foreclosed contained no covenant or promise to pay any indebtedness separate and apart from the bonds secured; (4) that the mortgage showed that there was no indebtedness due from the defendants to the plaintiffs as trustees; that they were merely holding title for the legal owners of the bonds described in the mortgage; (5) that there was no allegation that the holders of the bonds had elected to declare the bonds due; (6) that the plaintiffs were attempting to foreclose the mortgage without suing on the bonds secured thereby; that under the terms of the mortgage, there could be no foreclosure without also bringing suit on the bonds which it secured. This demurrer was overruled. The defendant filed an answer in general denial and a plea of payment. There was no reply filed to the special plea of payment. Upon the issues thus tendered the cause was tried by the court.

Charles H. Maloney died on November 16, 1931, and the cause was dismissed as to him. On December 21, 1931, the court filed its special finding of facts, and stated its conclusions of law, on which judgment was rendered in favor of the appellee trustees, foreclosing the mortgage, and ordering the real estate sold. The appellant excepted to each conclusion of law.

The only errors assigned for reversal requiring consideration are: (1) The court erred in overruling appellant's demurrer to the second paragraph of complaint of the trustees under the mortgage; (2) the court erred in its conclusion of law No. 1.

The validity of the mortgage and the bonds, the payment of which it was given to secure, are not questioned.

In the case of *Arnold* v. *Stanfield* (1856), 8 Ind. 323, our Supreme Court announced the right of a mortgagee to bring suit upon a mortgage only for its foreclosure without at the same time instituting an action upon the notes which it was given to secure, and that under such circumstances it was not necessary to make the notes exhibits to the complaint. This right has been recognized and adhered to in the following cases. *Hawes* v. *Rhoades* (1870), 34 Ind. 79; *Shinn* v. *Bosart* (1880), 72 Ind. 105; *Fletcher* v. *Holmes* (1865), 25 Ind. 458. Section 1173, Burns 1926 (§1001, Baldwin's 1934), Acts 1881, Special Session, p. 240, 365, §713, provides that, "Where there is no express agreement in the mortgage, nor in any separate instrument given, for the payment of the sum secured thereby, the remedy of the mortgagee shall be confined to the property mortgaged."

Thus this section of the statute defines the right of a mortgagee when he elects to foreclose his mortgage without at the same time bringing suit on any separate agreement to pay the sum of money secured by the mortgage, and there is no express agreement to pay contained in the mortgage; so, when

he elects, as he may do, to foreclose the mortgage only, his remedy is confined to the mortgaged premises exclusively. See, also, Sec. 13473, Burns 1926 (§986, Baldwin's 1934). The complaint alleged that default had been made in the payment of interest on the bonds, and that some of the legal holders thereof had elected to declare the entire debt due and payable pursuant to the terms of the mortgage. The complaint stated a good cause of action.

This brings us to a discussion of the second assignment of error, namely; that the court erred in its first conclusion of law. The exception to the conclusion of law admitted for the purpose of the exception only, that the facts upon which the conclusion was based had been fully and correctly found, limited however, to the facts found within the issues formed by the pleadings. The appellant did not controvert the truth of the facts contained in the special finding, by filing a motion for a new trial. 2 Watson's Works Practice, §1609, and authorities there cited. It is also the law, sustained by a long line of unbroken authorities, that the special finding of facts must contain all the facts necessary to entitle the party to a recovery, in whose favor the conclusions of law are found. And on appeal all facts not embraced within the special finding, will be deemed as not proven by the party. having the burden of the issue, and the failure to find a fact essential to recovery will be regarded as a finding against the party having the burden of proving the same. 2 Watson's Works Practice, §1594.

The mortgage contained the following condition. "AND IT IS FURTHER COVENANTED AND AGREED that in case of default for thirty days in making payment of any of said bonds, or any installment due in accordance with the terms thereof, either of principal or interest, or of a breach of any of the

covenants or agreements herein contained to be performed by the party of the first part, or the heirs, executors, administrators or assigns of said party, then the whole of said principal sum hereby secured shall, at once, at the option of the legal holder or holders of said bonds, or of any of them, become immediately due and payable without notice to said party of the first part, or the heirs, legal representatives or assigns of said party. And thereupon the legal holder or holders of said bonds, or any of them, or the party of the second part, *for the benefit of the legal holders or holder of said bonds,* shall have the right to immediately foreclose this Trust Deed." (Our italics.) The bonds contained substantially the same conditions. In addition thereto, it was provided in the bonds that in case of default in the payment of principal or interest, the entire debt should become due and payable, upon the terms and under the conditions prescribed in the mortgage. These conditions are plain and explicit, and from them it is evident, that even though default should be made in the payment of either the principal or interest on any of the bonds, the mortgage could not be foreclosed, unless some one or more of the legal holders of the bonds, should declare them due and payable.

Under the terms of the mortgage in the instant case it could only be foreclosed "for the benefit of the legal holders or holder of said bonds," after the option had been exercised, thus placing definite and positive restrictions upon the right to foreclose. This was a reasonable provision which the parties had a right to incorporate in the mortgage. Each of the bondholders entered into the contract relation with all the other bondholders. It was undoubtedly intended by the language used to prevent unwarranted and arbitrary proceedings, thus resulting in injury to both the mortgagor and the bondholders. *Seibert* v. *Minneapolis,*

*etc., Co.* (1893), 52 Minn. 148, 53 N. W. 1134, 20 L. R. A. 535, 38 Am. St. Rep. 530.

The duties of the trustees in a mortgage of the character here involved are well and pointedly set out by the author in 3 Jones on Mortgages, (8th Ed.), Sec. 2292, in the following language: "The trustee in a deed of trust is the agent of both parties, and he should perform his duties with the strictest inpartiality, and look to the interest of both parties. In some of his transactions he acts for the beneficiaries, and in others for the debtor. Inasmuch as the trustee acts for both parties, and the law requires of him utmost good faith and the strictest impartiality, he should have no personal interest to subserve, and the beneficiaries should not be relatives or friends whom he might feel called upon to accommodate." See, also, 41 C. J., §11, p. 284. They derive their powers from the instrument creating the trust. 41 C. J. *supra.* The mortgage did not vest any power or authority in the trustees, to bring a suit to foreclose it upon their own initiative, separate and apart from the exercise of the option vested in the bondholders.

Under the terms of the mortgage, it was necessary in order to sustain the action of the trustees, for them to allege and prove, that some one or more of the legal holders of the bonds secured, had exercised the option contained in the mortgage, empowering them, in case of default in the payment of an installment of principal or interest, to declare the entire debt due, and that they were acting as a result of the exercise of that option by the bondholders. *Farmers Loan and Trust Co.* v. *New York, etc., Ry. Co.* (1896), 150 N. Y. 410, 44 N. E. 1043; *Irion* v. *Yell* (1910), 62 Tex. Civ. App. 522, 132 S. W. 69; *Muren* v. *Southern Coal, etc., Co.* (1913), 177 Mo. App. 600, 160 S. W. 835; *Chicago, etc., Co.* v. *Hektor* (1912), 170 Ill. App. 68;

*Belleville, etc., Bank* v. *Mercantile, etc., Co.* (1915), 194 Ill. App. 175; *Seibert* v. *Minneapolis, etc., Co., supra,* 41 C. J., §1380, p. 945; 3 Jones on Mortgages, §2318.

This fact, which it was essential for the court to find, in order to entitle the appellee trustees to a foreclosure of the mortgage, is not included in the special finding of facts and, pursuant to the rule above announced, will be deemed as not having been proved by the trustees. For that reason the first conclusion of law is not sustained by the facts and is contrary to law.

By her fourth assignment of error, appellant questions the correctness of the lower court's second conclusion of law, on which judgment was rendered in favor of all the appellees, except the appellees, Home Bank and Trust Company and Lawrence H. Prybylski, on cross-complaint filed by them asking for the foreclosure of a mortgage securing certain notes which had been given to them by the Maloneys. We do not commend or approve this conclusion of law, either in substance or form but the appellant has waived any questions presented by her fourth assignment of error, by failing to discuss them in her brief.

Because of the condition of the record in this cause, we are of the opinion that the equities of the parties and the priorities of their respective liens will be better preserved and the ends of justice and equity more completely subserved by a new trial thereof. The judgment of the lower court is therefore reversed with instructions to order a new trial and for further proceedings not inconsistent with this opinion.

Curtis, J., not participating.