Edward V. WARNER and Elizabeth M. Warner, Appellants (Defendants Below),

v.

WEBBER APARTMENTS, INC., Appellee (Plaintiff Below).

No. 3–378A77.

Court of Appeals of Indiana, Third District.

March 3, 1980.

Michael C. Harris, Harris & Welsh, Chesterton, for appellants.

Clyde D. Compton, Hodges, Davis, Gruenberg, Compton & Sayers, Gary, for appellee.

HOFFMAN, Judge.

On June 30, 1966 defendants-appellants Edward and Elizabeth Warner purchased an apartment building located on West Fifth Avenue in Gary, Indiana from plaintiff-appellee Webber Apartments, Inc. To secure payment of the purchase price Warners executed a purchase money mortgage to Webber for $140,000. On December 6, 1976 plaintiff's attorney notified Warners that more than 60 days had elapsed since their last payment. Pursuant to the terms of the mortgage plaintiff declared the entire unpaid balance due, together with interest and attorney fees. Rather than foreclosing on the property plaintiff's suit was based on a personal promise to pay contained in the mortgage. Summary judgment was rendered for plaintiff in the sum of $119,925.85 and defendants appeal. The principal issue for review is the propriety of the summary judgment entry.

Defendants maintain that the mortgage does not contain a covenant on their part to pay the mortgage indebtedness and therefore imparts no personal liability. Accordingly, it is urged that the plaintiff's remedy is limited to foreclosure.

"It is the general rule, except where statutes provide otherwise, that if the mortgage contains a covenant to pay the debt secured, the mortgagor is personally liable and an action in debt will lie on the covenant. Jones on Mortgages, 8th Ed., Vol. 3, Sec. 1579; 41 C.J. Mortgages, Secs. 222, 223. Although we have few cases on the subject in Indiana the following decisions, although not directly in point, recognize the general rule as above expressed. *Sperry v. Dickinson*, 1882, 82 Ind. 132; *Smith v. Stewart*, 1842, 6 Blackf. 162; *Brick v. Scott*, 1874, 47 Ind. 299.

"The mortgage in suit specifically describes the debt it secures as to amount, interest and due date, provides for the increase of such debt by the addition of insurance costs, taxes, etc., in the event the mortgagor fails to pay them and then concludes with the following covenant: 'The mortgagor hereby expressly agrees to pay all and singular the sums of money above secured without relief from valuation or appraisement laws.' This we think, is sufficient to create a personal liability on the part of the decedent to pay the monies secured by the mortgage and will support an action in debt independent of the note."

*Stamper v. Link* (1946), 117 Ind.App. 212, at 219–220, 69 N.E.2d 600, at 602, modified 117 Ind.App. 212, 71 N.E.2d 128.

In the case at bar the mortgage recites in part:

"Mortgagor further covenants and agrees as follows:

11. Mortgagor shall pay the mortgage indebtedness set out herein by paying, on or before December 1, 1966, interest only at 5½ per cent from July 1, 1966, to and including November 30, 1966, and by making payments in the sum of $859.74, including principal and interest, on the first day of December, 1966,

and on the first day of each and every month thereafter to and including the first day of November, 1991."

Moreover, paragraph ten of the mortgage provides:

> "10. Additional covenants and agreements are set out in Paragraphs 11 to 19, inclusive on page two hereof.
> . . ."

These promises are unambiguous and absolute. In paragraphs ten and eleven the defendants bound themselves to pay the debt secured by the mortgage. This was sufficient to establish personal liability on their part. *See, Noble County Bank v. Waterhouse* (1928), 89 Ind.App. 94, at 95, 163 N.E. 119, 120, where provision in mortgage that " '[t]he mortgagors expressly agree to pay the sum of money above secured' " held to be an unambiguous and absolute promise to pay the debt. *See also: Walls et al. v. Baird* (1883), 91 Ind. 429.

Defendants also assail the award of $5,000 in attorney fees arguing that the mortgage does not contain any personal covenant to pay such fees. They insist that the provision in the mortgage for attorney fees applies only to fees incurred in the sale of the property through foreclosure. The relevant portions of the mortgage read as follows:

> "This indenture witnesseth that EDWARD V. WARNER and ELIZABETH M. WARNER, his wife of Chesterton, Porter County, Indiana, as MORTGAGOR, Mortgages and warrants to WEBBER APARTMENTS, INC., which is an Indiana corporation of Gary, Lake County, Indiana, as MORTGAGEE, the following real estate in the City of Gary, Lake County State of Indiana, to wit: Lots 1 to 5, both inclusive, Block 7, Gary Lane Company's Second Subdivision, in the City of Gary, as shown in Plat Book 10, page 16, in Lake County, Indiana as well as the rents, profits and any other income which may be derived therefrom, to secure the performance of all conditions and stipulations of this agreement and:
> A to secure the payment, when the same shall become due, of the following

indebtedness of even date herewith: One Hundred Forty Thousand Dollars ($140,000.00) (interest and principal shall be paid as provided in Paragraph 11 hereof).

with interest at the rate of 5½ per cent per annum computed monthly during such period when there shall be no delinquency or default in the payment of any moneys to be paid on this obligation but with interest at the rate of 6½ per cent per annum computed semi-annually during such period when there shall be any delinquency or default in the payment of any moneys to be paid on this obligation and to be computed in the next interest period following such delinquency or default, and said rate shall continue to be paid until all delinquencies and defaults are removed by the beginning of a succeeding interest period, all without relief from Valuation and Appraisement Laws, and with attorney's fees; . . ."

[2, 3] It is well settled that unless a provision for attorney fees is specifically made in the mortgage sued upon the allowance of such fees is improper. *Chicago District, etc., Corporation v. Evans* (1946), 117 Ind.App. 280, 69 N.E.2d 627. In the instant suit there is nothing in the language of the mortgage to indicate that fees would be allowed only if the plaintiff foreclosed. The mortgage expressly provided that in the event the defendants were delinquent or in default the plaintiff could recover attorney fees incurred in collecting the obligations due under this instrument. Since the defendants did in fact default the fees were properly allowed.

Judgment affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.